The STATE of Texas, Appellant,

v.

Kenneth Fred CLARKE, Appellee.

Nos. 13–93–553–CR, 13–93–554–CR.

Court of Appeals of Texas,
Corpus Christi.

July 14, 1994.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Nielsen Hans, Calvin A. Hartmann, Asst. Dist. Attys., Houston, for appellant.

James Patrick Sharp, Houston, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

On motion for rehearing, we reconsider our previous opinion and holding, reverse the judgment of the court below and remand the cause for trial.

On original submission we affirmed the judgment below because the State did not contest on appeal each ground on which the order quashing the indictment could have been based. The State's sole point of error was that the court erroneously considered evidence in ruling on the sufficiency of the indictment. We held that this point of error did not challenge the *in pari materia* ground raised in the motion to quash. On further review, we determine that the State's point of error properly attacks the trial court's ruling that two statutes are *in pari materia* because such a decision necessarily requires considering evidence.

The argument of the defendant below is that the indictments, although alleging the commission of felonies, are improper and should be quashed, because two statutes, one declaring certain conduct to be a misdemeanor offense and one a felony, are in conflict. As a result of this conflict, the more particular statute is applicable under the rule of *pari materia*. Because the more particular statute defines a misdemeanor, and the court below has no jurisdiction over misdemeanors, but only felonies, the court lacks subject matter jurisdiction, and the indictments should be quashed.

The defendant below was charged with the offense of compelling prostitution, a violation of Section 43.05(a)(2) of the Penal code. The indictments allege that the defendant, intentionally, with the specific intent to commit the offense of compelling prostitution, by promising money, caused the complainant "a person younger than seventeen years" to commit prostitution. The indictments track the language of the Code Section and require the complainant to be younger than 17 years.

The defendant argues that Penal Code Section 25.06, Solicitation of a Child, should apply to the crime. That statute proscribes certain activity with a child under the age of 14. The age of the complainant is critical in order to determine which statute applies, or if they conflict.

 The trial judge could not have determined that Section 25.06 applied without evidence that the complainant was younger than 14 years of age. The trial judge is not

entitled to preview the state's evidence in deciding whether to quash an indictment. The indictment only specifies the age of the complainant to be less than 17 and does not allege the location of the offense. A trial court may not look behind the indictment to determine whether evidence supports the indictment. *Brooks v. State,* 642 S.W.2d 791, 795 (Tex.Crim.App.1982). We sustain the State's point of error.

We REVERSE the order quashing the indictment and REMAND the cause.