The STATE of Texas, Appellant,

v.

Carolyn Ann KINKLE, Appellee.

Nos. 14–94–00825–CR, 14–94–00843–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 29, 1995.

Carol M. Cameron, Houston, for appellant.

Jules L. Laird, Jr., Houston, for appellee.

Before YATES, FOWLER and CANNON *, JJ.

## OPINION

CANNON, Justice Assigned.

Appellee was charged with the offense of tampering with a governmental record. TEX.PENAL CODE ANN. § 37.10 (Vernon Supp. 1994).[1] Appellee moved to quash the indictment arguing that appellee's alleged crime was chargeable solely under the statute requiring record-keeping by a motor vehicle salvage dealer. TEX.REV.CIV.STAT.ANN. art. 6687–2 (Vernon Supp.1995). The trial court granted the motion to quash. In its sole point of error, the State contends the trial court erred in granting the appellee's motion to quash. We sustain the State's sole point of error, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

Appellee, an employee of Annie's Auto Accessories, allegedly purchased eleven Ford F150 tailgates and one set of seats from Kenneth Earl Jones. When she purchased these items, appellee was required to complete a component part log form provided by the Texas Department of Transportation, Division of Motor Vehicle Titles and Registration as part of a statutory scheme designed to prevent resale of stolen automobile component parts. TEX.REV.CIV.STAT.ANN. art. 6687–2 (Vernon Supp.1995). The statute required appellee to list the date of purchase or delivery, the seller's name and address, the seller's age and sex, the seller's driver's license number, the license number of the delivery vehicle, a description of the compo-

---

* The Honorable Bill Cannon sitting by assignment.

1. The crime for which appellant was charged was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references are to the code in effect at the time the crime was committed.

nent part, and the vehicle identification number of the vehicle from which it was taken. Article 6687–2(c). The State contends that appellee falsely listed that the auto parts purchased from Jones came from a vehicle with the license number, "GXL19N." The State indicted appellee for tampering with a governmental record, alleging that appellant "unlawfully, intentionally and knowingly, with the intent to defraud and harm another" tampered with the inventory log, a governmental record, by either falsely listing that the parts were delivered from a vehicle with license "GXL19N," or by using the log when she knew it contained false information.

Appellee filed a motion to suppress in which she argued that the crime appellee allegedly committed was governed exclusively by Article 6687–2, the statutory scheme requiring her to complete the motor vehicle log. Article 6687–2 requires a motor vehicle salvage dealer to keep an accurate and legible inventory of each component part purchased by or delivered to him including the license number of the motor vehicle used to deliver the component part. Article 6687–2(c). The statute allows a peace officer to inspect the inventory on the premise of the automobile salvage dealer at any reasonable time in order to verify, check, or audit the records. Article 6687–2(e). The failure to keep an accurate and legible inventory is a Class A misdemeanor. Article 6687–2(m). Repeat violations of the statute are a third degree felony. Article 6687–2(n). Appellee contends article 6687–2 controls over section 37.10, the more general tampering statute, because 6687–2 is the complete and specific statutory scheme defining both appellee's alleged criminal behavior and its punishment. The trial court agreed, and granted appellee's motion to quash.

 In its sole point of error, the State contends the trial court incorrectly quashed the indictment. We review the trial court's ruling on a motion to quash under an abuse of discretion standard. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App.1981) (op. on reh'g). The State contends the trial court abused its discretion by finding that the statutes concerning tampering with a governmental document and failure to maintain rec-

ords as an auto salvage dealer were in conflict. If two statutes deal with the same general subject matter, same persons or class of persons, or same general purpose then they are considered *in pari materia. Cheney v. State,* 755 S.W.2d 123, 126 (Tex. Crim.App.1988). Therefore, the two statutes should be harmonized, and where a general statute and a specific statute both proscribe a defendant's conduct, he should be charged under the more specific statute. *Id.* If there are irreconcilable conflicts between statutes as to elements of proof or penalties for the same conduct, then the more specific statute controls. *Rodriguez v. State,* 879 S.W.2d 283, 285 (Tex.App.—Houston [14th Dist.], pet. ref'd.). The doctrine of *in pari materia* is incorporated into the code construction provisions of the Government Code which provide,

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest interest is that the general provision prevail. TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988).

The rule of *in pari materia,* however, "is not applicable to enactments that cover different situations and that were apparently not intended to be considered together." *Cheney,* 755 S.W.2d at 126. The State contends that Article 6687–2 and Section 37.10 are not *in pari materia* because the statutes cover different purposes, subject matters, and persons. We agree that there is not an irreconcilable conflict between the two statutes, and that appellant was properly indicted under section 37.10 for tampering with a governmental record.

First, we note that the two statutes deal with different subject matters. The tampering statute pertains to all governmental records, whereas the record-keeping statute relates only to the inventory log provided by the Department of Public Safety. Second,

the statutes pertain to different persons or classes of persons. The statute concerning tampering with a governmental record pertains to all persons who make, present, or use a false governmental record. The record-keeping statute pertains solely to motor vehicle salvage dealers. Finally, the statutes serve different purposes. The tampering statute is directed at preventing the harmful effects caused by false governmental records, while the record keeping statute is designed for the narrow purpose of deterring the resale of stolen parts by allowing the police to trace used auto parts. Because the statutes cover different persons, purposes and subject matters, they are not *in pari materia*.

■ We further note that there is not a conflict between the two statutes because the two crimes have different elements. To obtain a conviction for tampering with a governmental record, the State must prove that the defendant acted "intentionally and knowingly with the intent to defraud and harm another." The crime of failure to maintain records as a motor vehicle salvage is a strict liability offense, and does not require the State to show a requisite mental state. Because the two crimes have a different *mens rea*, the State is required to prove different elements of each crime. Therefore, there is not a conflict between the two statutes.

Appellee also contends that her case is analogous to *Ogilvie v. State*, 711 S.W.2d 365, 366 (Tex.App.—Dallas 1986, pet. ref'd.), in which the Dallas Court of Appeals held that a statute governing the fraudulent procurement of a driver's license controlled over a general penal statute prohibiting fraudulent procurement of documents. Appellee's case differs from *Ogilvie* because the two statutes considered by the Dallas Court of Appeals both concerned "fraudulent procurement." The statutes in *Ogilvie* required the State to prove the same mental state and differed only by the type of document covered by the statute. Similarly, in this court's recent decision in *State v. Eversole*, 889 S.W.2d 418, 425 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd.), we affirmed a trial court's decision to grant a motion to suppress an indictment for perjury when the defendant could be charged for a "knowing" misrepresentation under the Election Code. *Eversole* is distinguishable from appellee's situation because the crime of perjury and the Election Code violation both involved "knowing" conduct. As discussed above, the State is required to prove a different mental state to convict appellee for violating the tampering statute then under the strict liability record-keeping statute. Because of this fundamental difference, *Ogilvie* and *Eversole* are not dispositive.

■ Additionally, we note the trial court erred by quashing the indictment because the only way it could have concluded that appellee's actions were prohibited by article 6687–2 was by looking behind the indictment. A trial court may not look behind the indictment to determine whether the evidence supports the indictment. *Brooks v. State*, 642 S.W.2d 791, 795 (Tex.Crim.App.1982). Article 6687–2 applies only to a motor vehicle salvage dealer. In the indictment, the State did not allege that appellee was a motor vehicle salvage dealer. If the trial court determined that appellee was a motor vehicle salvage dealer, the trial court must have assumed facts beyond the four corners of the indictment. The trial judge is not entitled to preview the state's evidence in deciding whether to quash an indictment. *State v. Clarke*, 880 S.W.2d 854, 855 (Tex.App.—Corpus Christi 1994, no pet.). The only evidence in the indictment potentially suggesting that appellee is a motor vehicle salvage dealer is the inventory log form. This form, however, does not show that appellant was a motor vehicle salvage dealer. The signature on the form is illegible and does not indicate that appellee signed the form. Further, the trial court could not assume that appellee, Carol Ann Kinkle, operated a business by the name of "Annie's Auto Accessories." Because the indictment does not show on its face that appellee is a motor salvage dealer, the trial court could not properly conclude that appellee violated article 6687–2 and could not quash the indictment for this reason.

Because the two statutes are not *in pari materia*, the trial court erred by finding that appellant could only be charged under the record keeping statute. The trial court also erred by looking behind the indictment and assuming facts not in the indictment. We

find that these errors constitute an abuse of discretion and sustain appellant's sole point of error. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.