OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

January 28, 2002

Mr. Robert L. Maxwell, Administrator
Texas State Board of Plumbing Examiners
929 East 41st Street
Austin, Texas 78765

Opinion No. JC-0453

Re: Plumbing codes applicable to residential construction, and related questions (RQ-0406-JC)

Dear Mr. Maxwell:

You have asked this office several questions concerning three separate bills passed by the Seventy-seventh Texas Legislature regarding the regulation of plumbing. These questions are premised on the supposition that the bills in question, Senate Bill 365, House Bill 1505, and House Bill 217, conflict irreconcilably.[1] However, we are charged to harmonize statutes if doing so is at all possible. "Where possible, [courts are] required to interpret statutory language in a manner that harmonizes and gives effect to all relevant laws." *Southwestern Bell Tel. Co. v. Pub. Util. Comm'n*, 31 S.W.3d 631, 637 (Tex. App.–Austin 2000, pet. granted). This is particularly the case with statutes such as these, which deal with the same general subject and were enacted in the same legislative session. We believe that in this case the conflicts to which you call our attention between Senate Bill 365 and House Bill 217 can in fact be reconciled in light of the specific evidence available on the intent of the legislature, and that House Bill 1505 and House Bill 217 can effectively be harmonized.

Your first question concerns an apparent conflict between Senate Bill 365, which adopts the International Residential Code as the state's uniform residential building code for municipalities, and House Bill 217, which revises the list of plumbing codes that the Board of Plumbing Examiners is required to adopt. To fully understand the bills' relation to the adoption of residential plumbing codes, we must begin by examining section 5B of the Plumbing License Law, article 6243-101 of the Revised Civil Statutes, as it was worded prior to the adoption of the bills about which you ask.

---

[1]*See* Act of May 2, 2001, 77th Leg., R.S., ch. 120, § 1, 2001 Tex. Sess. Law Serv. 225 (Senate Bill 365) (codified at TEX. LOC. GOV'T CODE ANN. §§ 214.211-.214 (Vernon Supp. 2002)); Act of May 17, 2001, 77th Leg., R.S., ch. 504, 2001 Tex. Sess. Law Serv. 898 (House Bill 1505) (codified at TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 2002)); Act of May 24, 2001, 77th Leg., R.S., ch. 791, 2001 Tex. Sess. Law Serv. 1445 (House Bill 217) (codified at TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 2002)).

*See* Act of Apr. 29, 1993, 73d Leg., R.S., ch. 100, § 5B, 1993 Tex. Gen. Laws 189 (former article 6243-101, § 5B of the Revised Civil Statutes).

Prior to its amendment by House Bill 217, section 5B required the State Board of Plumbing Examiners (the "Board") to adopt three plumbing codes; a municipality or owner of a public water system could adopt substantially similar standards. Subsection (a) required the Board to adopt the Southern Standard Plumbing Code, the Uniform Plumbing Code, and the National Standard Plumbing Code. *See id.* § 5B(a), 1993 Tex. Gen. Laws 189. Subsection (b) provided that "a municipality or an owner of a public water system may adopt standards that do not substantially vary with rules or laws of this state." *Id.* § 5B(b), 1993 Tex. Gen. Laws 189. In construing this provision, this office concluded that the plumbing codes adopted by the Board under section 5B are applicable statewide, and that while cities are not required to adopt the named codes in section 5B, they have "no authority to adopt plumbing standards that materially differ from the state standards." Tex. Att'y Gen. Op. No. JC-0012 (1999) at 1, 3.

House Bill 217 amended section 5B of the Plumbing License Law to provide:

> (a) To protect the health and safety of the citizens of this state, the Board shall adopt the following plumbing codes, as those codes existed on May 31, 2001:
>
> > (1) the Uniform Plumbing Code, as published by the International Association of Plumbing and Mechanical Officials; and
> >
> > (2) the International Plumbing Code, as published by the International Code Council.

TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B (Vernon Supp. 2002) (as amended by Act of May 24, 2001, 77th Leg., R.S., ch. 791, § 3, 2001 Tex. Sess. Law Serv. 1445, 1446-47). House Bill 217 also amended the language of subsection (b) of section 5B regarding the authority of a municipality or water system to adopt a code, moving it to subsection (d):

> In adopting plumbing codes and standards for the proper design, installation, and maintenance of a plumbing system under this section, a municipality or an owner of a public water system may amend any provisions of the codes and standards to conform to local concerns that do not substantially vary with rules or laws of this state.

*Id.* art. 6243-101, § 5B(d).

In setting out your first question, you mention that another bill passed by the Seventy-seventh Legislature, House Bill 1505, also amended subsection (b) to read as follows:

> In adopting a plumbing code for the proper design, installation, and maintenance of a plumbing system, a municipality or an owner of a public water system may adopt a code that does not substantially vary with rules or laws of this state.

TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B(b) (Vernon Supp. 2002) (as amended by Act of May 17, 2001, 77th Leg., R.S., ch. 504, § 6, 2001 Tex. Sess. Law Serv. 898, 901). House Bill 1505 did not amend section 5B(a). *See* Act of May 17, 2001, 77th Leg., R.S., ch. 504, § 6, 2001 Tex. Sess. Law Serv. 898, 901. As the thrust of your first question goes to the relationship between the Plumbing License Law's list of codes in section 5B(a) and the adoption of a uniform residential building code by Senate Bill 365, we do not address the relationship between the two house bills' amendments to section 5B(b). We note, however, that the two amendments to section 5B(b) of the Plumbing License Law should be harmonized if possible; to the extent the two bills are irreconcilable, House Bill 217, the later enacted provision, prevails.[2] *See* TEX. GOV'T CODE ANN. § 312.014(b) (Vernon 1998) ("If amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.").

Senate Bill 365, the other legislation at issue in your first question, does not expressly amend section 5B of the Plumbing License Law. Rather, it added an entirely new subchapter, subchapter G, to chapter 214 of the Local Government Code to provide for a uniform residential building code:

> (a) To protect the public health, safety, and welfare, the International Residential Code, as it existed on May 1, 2001, is adopted as a municipal residential building code in this state.
>
> (b) The International Residential Code applies to all construction, alteration, remodeling, enlargement and repair of residential structures in a municipality.
>
> (c) A municipality may establish procedures:
>
> > (1) to adopt local amendments to the International Residential Code; and

---

[2]House Bill 1505 was enacted on May 17, 2001, *see* S.J. OF TEX., 77th Leg., R.S. 2348 (2001) (passed Senate on third reading), and House Bill 217 was enacted on May 24, 2001, *see* H.J. OF TEX., 77th Leg., R.S. 3465 (2001) (House concurs in Senate amendments). *See* TEX. GOV'T CODE ANN. § 312.014(d) (Vernon 1998) ("In this section, the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute.").

> (2) for the administration and enforcement of the International Residential Code.
>
> . . . .

TEX. LOC. GOV'T CODE ANN. § 214.212(a)-(c) (Vernon Supp. 2002).

Significantly, Senate Bill 365 requires municipalities to adopt the International Residential Code. It imposes a mandatory uniform residential building code, as opposed to merely providing an optional code that cities may but are not required to adopt. In the bill itself, the legislature mandated that "[m]unicipalities shall, before January 1, 2002, establish rules and take other necessary actions to implement Subchapter G, Chapter 214, Local Government Code, as added by this Act." Act of May 2, 2001, 77th Leg., R.S., ch. 120, § 3(b), 2001 Tex. Sess. Law Serv. 225, 227. Furthermore, the legislative history of Senate Bill 365 makes clear that the legislature intended to adopt a mandatory residential building code across the state. According to the bill analysis prepared by the Senate Research Center:

> Currently, Texas cities are authorized to adopt building codes regulating construction within their jurisdiction, but the different building codes can cause confusion and delay throughout the construction process. *S.B. 365 provides for the adoption of the International Residential Code as the uniform residential building code in Texas.*

SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 365, 77th Leg., R.S. (2001) (emphasis added).

You suggest that there is an irreconcilable conflict between these two provisions because House Bill 217 provides for the adoption by the Board of two plumbing codes, the International Plumbing Code and the Uniform Plumbing Code, either of which municipalities may choose to adopt with amendments for local concerns, while Senate Bill 365 requires municipalities to adopt a single residential code, the International Residential Code, whose provisions with respect to plumbing are said to be similar to the International Plumbing Code.[3]

The International Residential Code to which Senate Bill 365 refers is promulgated by the International Code Council. *See* TEX. LOC. GOV'T CODE ANN. § 214.211 (Vernon Supp. 2002) (defining International Residential Code); *see also* www.bocai.org (International Residential Code Table of Contents). We note that the International Plumbing Code now listed in section 5B of the Plumbing License Law is also published by the International Code Council. *See* TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B(a)(2) (Vernon Supp. 2002) (as amended by Act of May 24, 2001, 77th Leg., R.S., ch. 791, § 3, 2001 Tex. Sess. Law Serv. 1445, 1446-47). The relationship between

---

[3]*See* Letter from Robert L. Maxwell, Administrator, Texas State Board of Plumbing Examiners, to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Attorney General, at 4 (July 20, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

the two codes with respect to residential plumbing is not entirely clear to us, however. *See, e.g.,* Request Letter, note 3, at 4 ("The International Plumbing Code applies to all plumbing applications, including commercial and industrial. Additionally, the International Plumbing Code contains language that requires the use of the International Residential Code for one and two-family dwellings.").[4] As it would require a factual inquiry beyond the scope of an attorney general opinion,[5] we do not resolve the relationship between the two codes here.

You argue that the apparent conflict between House Bill 217 and Senate Bill 365 must be resolved by reference to section 311.025 of the Government Code, which provides that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 1998); *see also id.* § 312.014(a) (analogous rule for construction of civil statutes). Section 311.025's "latest in time" rule of statutory construction is a rule of last resort. *See Henderson v. State*, 758 S.W.2d 694, 695 (Tex. App.–Austin 1988, no writ) ("In construing acts passed at the same legislative session, the whole must be construed as one act and to make a latter provision repeal a former, there must be an express repeal or an irreconcilable repugnancy between them; only then will the latter act control."); *see also* TEX. GOV'T CODE ANN. §§ 311.021(a) (presumption that entire statute is intended to be effective), .026(a) (expressing preference where provisions conflict for giving effect to both). "Where possible, [courts are] required to interpret statutory language in a manner that harmonizes and gives effect to all relevant laws." *Southwestern Bell v. P.U.C.*, 31 S.W.3d 631, 637 (Tex. App.–Austin 2000, pet. filed). Thus, we must first attempt to harmonize the two provisions under other rules of statutory construction. Although the two provisions are difficult to reconcile on their face, we are ultimately persuaded that these provisions can be harmonized in light of the legislative history.

The International Residential Code does not govern the construction of all types of buildings. Rather it is, as its name implies, concerned solely with residential housing. Indeed, as you note, Senate Bill 365 defines the code as the "International Residential Code for One and Two-Family Dwellings promulgated by the International Code Council." TEX. LOC. GOV'T CODE ANN. § 214.211(1) (Vernon Supp. 2002). Further, the statute defines "residential" as meaning "having the character of a detached one-family or two-family dwelling or a multiple single-family dwelling that is not more than three stories high." *Id.* § 214.211(3). It is only this specific class of dwelling-houses to which the International Residential Code necessarily applies. Accordingly, Senate Bill 365 and House Bill 217 could be harmonized by holding that political subdivisions may choose either the International Plumbing Code or the Uniform Plumbing Code as their general plumbing

---

[4]*See* Letter from Paul K. Heilstedt, PE, International Code Council, Inc., to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Attorney General (Aug. 23, 2001) (the International Residential Code's requirements for plumbing "substantially conform to the codes adopted by the Board"); Brief from Michael R. Crowe, Hilgers & Watkins, P.C., to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Attorney General, at 4 (Sept. 17, 2001) ("the International Plumbing Code . . . adopts the International Residential Code sections on plumbing as they apply to residential construction") (all documents on file with Opinion Committee).

[5]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

regulations, while plumbing for residential housing, like all other aspects of residential housing, is governed by the International Residential Code. *See* TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."); *State v. Kinkle,* 902 S.W.2d 187, 189 (Tex. App.–Houston [14th Dist.] 1995) (noting that Government Code section 311.026 incorporates the common-law doctrine of in pari materia).

We note that it might, on the other hand, be argued that House Bill 217 is the more specific provision because section 5B of the Plumbing License Law, which House Bill 217 amends, is specific to plumbing standards, whereas the new Local Government Code subchapter enacted by Senate Bill 365 is not specific to a particular trade but rather covers all aspects of residential construction, repair, and remodeling. *Compare* TEX. REV. CIV. STAT. ANN. art. 6243.101, § 5B (Vernon Supp. 2002) (House Bill 217), *with* TEX. LOC. GOV'T CODE ANN. §§ 214.211-.212 (Vernon Supp. 2002) (Senate Bill 365). Under this analysis, the two bills could be harmonized by applying the Plumbing License Law provisions on plumbing codes to all plumbing, both residential and nonresidential, and by applying Senate Bill 365's uniform residential building code to all other aspects of residential construction, repair, and remodeling governed by the International Residential Code.

It might be suggested that, given that the bills may be harmonized in either of two ways with radically different results, it is necessary to prefer House Bill 217 as the later enactment.[6] However, such an argument fails to take account of the fact that, on the sole occasion on which the legislature considered the possibility of a clash between these enactments, it indicated that it did not intend House Bill 217 to prevail. *See infra, Hearings on House Bills 196 and 217 and Senate Bill 365.*

House Bill 217 was considered, along with a related bill, House Bill 196, by the Senate Committee on Business and Commerce on May 8, 2001. In the course of discussing these two bills, Senator David Sibley explained amendments to each. Speaking of the amendments to House Bill 196, Senator Sibley said:

> This amendment removes the language which would have had this act control over any other act adopted by the Seventy-seventh legislature relating to the adoption or implementation of uniform residential building codes. Members, Senator Armbrister passed a bill out and if we don't strike this, then it would have the effect of affecting his bill, and he didn't like it.

*Hearings on Tex. H.B. 196 Before the Senate Comm. on Business & Commerce,* 77th Leg., R.S. (May 8, 2001) (Although the colloquy does not directly reference Senate Bill 365, Senate Bill 365 appears to be the only bill of the Seventy-seventh legislature authored by Senator Armbrister that relates to uniform residential building codes.). Senator Sibley then moved adoption of this

---

[6]House Bill 217 was enacted on May 24, 2001; Senate Bill 365 was enacted on May 2, 2001.

amendment, and it was adopted without objection. Laying out House Bill 217 immediately thereafter, Senator Sibley explains the first committee amendment to it, which in his words:

> removes language which would have this act control over any other act adopted by the Seventy-seventh Legislature relating to adoption and implementation . . . . It's again, Armbrister.

*Hearings on Tex. H.B. 217 Before the Senate Comm. on Business & Commerce*, 77th Leg., R.S. (May 8, 2001). This amendment, as well, was adopted without objection.

Thus, on the only recorded occasion on which our research indicates that the relation of these two bills was discussed by the legislature, the action taken by the senate committee indicates that it did not intend for House Bill 217 to prevail over Senate Bill 365. To attempt to harmonize these bills, or to resolve an apparent conflict between them by use of the "later in time" rule, in such a way as to allow House Bill 217 to prevail would, therefore, require us to gainsay the legislative intent. We are obliged by both the Code Construction Act and the rules for the construction of civil statutes not to do so. Under section 312.005 of the Government Code, we must "diligently attempt to ascertain legislative intent." TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). We may be guided, pursuant to section 311.023(3) of the Government Code, to consider the legislative history of the statutes we construe. *See id.* § 311.023(3).

Moreover, Senate Bill 365 itself contains evidence that the legislature, had it wished, could have assured that the plumbing provisions of the International Residential Code were not to be uniformly applicable. Sections 214.213 and 214.214 of the Local Government Code specifically substitute the provisions of the National Electrical Code for those of the International Residential Code with respect to residential electrical construction applications. *See* TEX. LOC. GOV'T CODE ANN. §§ 214.213-.214 (Vernon Supp. 2002). Had the legislature wished to do the same with respect to plumbing standards, it could easily have done so.

Accordingly, in answer to your first question, the International Residential Code governs, pursuant to Senate Bill 365, in all matters relating to "construction, alteration, remodeling, enlargement and repair of *residential structures* in a municipality," *id.* § 214.212(b) (emphasis added), including plumbing. As to all other structures, municipalities and other political subdivisions adopting plumbing codes may, pursuant to House Bill 217, choose to adopt either the International Plumbing Code or the Uniform Plumbing Code. *See* TEX. REV. CIV. STAT. ANN. art. 6243.101, § 5B (Vernon Supp. 2002).

Your second and third questions concern what you believe to be a conflict between House Bill 217 and House Bill 1505.[7] You argue that House Bill 217's amendment of section 3(a) of the Plumbing License Law implicitly repeals a provision of section 15(a) of the law, which House Bill 1505's amendment of section 15(a) leaves intact. We disagree with your analysis of the effect of House Bill 217 on section 15(a).

---

[7]*See supra*, note 1.

Section 15(a) of the Plumbing Licensing Law, as amended by House Bill 1505, reads:

> Every city in this state of more than five thousand (5,000) inhabitants *shall*, and any city or town of this state *may*, by ordinance or by law, prescribe rules and regulations for the materials, construction, alteration and inspection of all pipes, faucets, tanks, valves, water heaters and other fixtures by and through which a supply of water, gas, or sewage is used or carried. *In a city or town subject to this subsection*, all plumbing inspections must be performed by a licensed plumbing inspector. A pipe, faucet, tank, valve, water heater, or other fixture may not be placed in any building except in accordance with such rules and regulations. No plumbing shall be done except the repairing of leaks, without a permit being first issued upon such terms and conditions as such city or town shall prescribe. No such ordinance, by-law, rule or regulation prescribed by any city or town shall be inconsistent with this Act, or any rule or regulation adopted or prescribed by the Board.

TEX. REV. CIV. STAT. ANN. art. 6243-101, §15(a) (Vernon Supp. 2002).[8]

On the other hand, House Bill 217 amends section 3(a) of the Plumbing Licensing Law. Prior to its amendment, section 3(a) provided in relevant part:

> The following acts, work and conduct shall be expressly permitted without license:
>
> . . . .
>
> (2) Plumbing work done outside the municipal limits of any organized city, town, or village in this state, *or within any such city, town, or village of less than five thousand (5,000) inhabitants, unless required by ordinance in such city, town, or village of less than five thousand (5,000) inhabitants.*

Act of May 19, 1977, 65th Leg., R.S., ch. 397, § 3, 1977 Tex. Gen. Laws 1083-84, *renumbered by* Act of May 24, 1999, 76th Leg., R.S., ch. 404, § 45, 1999 Tex. Gen. Laws 2523, 2540. Among its amendments of section 3(a), House Bill 217 excises the italicized provision concerning a "city, town, or village of less than five thousand (5,000) inhabitants." *See* Act of May 24, 2001, 77th Leg., R.S., ch. 791, § 2, 2001 Tex. Sess. Law Serv. 1445, 1446. House Bill 217 does not amend section 15(a). You suggest that the effect of House Bill 217's amendment of section 3(a) is to require cities, towns, and villages of fewer than 5,000 inhabitants, as well as those of 5,000 or more inhabitants, to adopt

---

[8]*See* House Bill 1505, *supra* note 1, at § 17, 2001 Tex. Sess. Law Serv. 898, 904.

a plumbing code.  We disagree.  Certainly the amendment of section 3(a) does not by its terms encompass such a result.  Its effect, as the bill analysis states, is simply to "modif[y] the plumbing acts permitted without a license." HOUSE COMM. ON BUSINESS & INDUSTRY, BILL ANALYSIS, Tex. H.B. 217, 77th Leg., R.S. (2001).  To reach the result suggested, this office would have to find provisions of two pieces of legislation, House Bill 217 and House Bill 1505, which were passed by the same legislative session, mutually repugnant by implication when in fact they each refer to, and amend, quite distinct statutory provisions.  As we have pointed out previously, such a method of proceeding is contrary to our obligation to harmonize statutes whenever possible.  *See Southwestern Bell*, 31 S.W.3d at 637.

We therefore conclude that not every political subdivision in the state is required by the Plumbing Licensing Law to adopt a plumbing code.  *But see* TEX. LOC. GOV'T CODE ANN. §§ 214.211-.214 (Vernon Supp. 2002) (Senate Bill 365).  Section 15(a) of the Plumbing Licensing Law requires cities with populations of 5,000 or more to adopt such a code.  It does not require, although it permits, the adoption of such a code by "any city or town of this state" regardless of population. *See* TEX. REV. CIV. STAT. ANN. art. 6243-101, § 15(a) (Vernon Supp. 2002); TEX. GOV'T CODE ANN. § 311.016(1), (2) (Vernon 1999) (distinction between "may" and "shall").  The amendment of section 3(a) does not render the provision of section 15(a) a nullity.

Finally, you ask whether every political subdivision in this state is required to contract with a licensed plumbing inspector.  Section 5B(e) of the Plumbing Licensing Law provides that "Plumbing installed in compliance *with a code adopted* under Subsection (a), (b), or (d) of this section must be inspected by a plumbing inspector.  To perform this inspection, the political subdivision may contract with any plumbing inspector paid directly by the political subdivision." TEX. REV. CIV. STAT. ANN. art. 6243-101, § 5B(e) (Vernon Supp. 2002) (emphasis added).  If, therefore, a political subdivision has adopted such a code, inspections under it are required.  However, as we have noted above, not all municipalities are required by the plumbing license law to adopt such a code.  *But see* TEX. LOC. GOV'T CODE ANN. §§ 214.211-.214 (Vernon Supp. 2002) (Senate Bill 365).  If, in accordance with section 15(a), a city of fewer than 5,000 inhabitants chooses to adopt a plumbing code, then section 5B(e) will require such inspections; but if it has not, section 5B(e) does not apply to it.  *See also* Tex. Att'y Gen. Op. Nos. JC-0382 (2001) (concerning article 6243.101 of the Revised Civil Statutes); JC-0012 (1999) (same).

## SUMMARY

Pursuant to Texas Local Government Code chapter 214, subchapter G, the International Residential Code is the uniform residential building code for municipalities in this state, and its plumbing provisions are the uniform plumbing code for residential construction. The Plumbing Licensing Law permits the adoption by the Board of Plumbing Examiners of two plumbing codes, the International Plumbing Code and the Uniform Plumbing Code, either of which municipalities may choose to govern nonresidential plumbing. Cities of fewer than 5,000 inhabitants may, but are not required to, adopt a plumbing code pursuant to the Plumbing Licensing Law. Plumbing installation in a political subdivision that has adopted a plumbing code under that law must be inspected by a licensed plumbing inspector.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee