NO. 07-02-0182-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 5, 2003

_____

GENTLE MARCH EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 9 OF HARRIS COUNTY;

NO. 1100375; HONORABLE ANALIA WILKERSON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Appellant Gentle March Edwards appeals a Class A misdemeanor conviction for failing to keep an accurate and legible inventory of component automobile parts. A jury

_____

[1]Tex. R. App. P. 47.2(a).

found him guilty, and the trial court assessed punishment at 100 days confinement in the Harris County jail. By two points of error, appellant contends the evidence is legally and factually insufficient to support the conviction. Based upon the rationale expressed herein, we affirm.

A salvage vehicle dealer is a person who is engaged in the business of acquiring, selling, or otherwise dealing in salvage vehicles or vehicle parts of a type required to be covered by a salvage vehicle certificate of title or nonrepairable vehicle certificate of title under a license issued by the Texas Department of Transportation that allows the holder of the license to acquire, sell, dismantle, repair, or otherwise deal in salvage vehicles. Tex. Rev. Civ. Stat. art. 6687-1a(17) (Vernon 2003).[2] Appellant became licensed in 1989 to do business as a salvage vehicle dealer in Houston. As a dealer, appellant was required by statute to keep an accurate and legible inventory of each component part purchased by or delivered to him, including the following information:

(1)     date of purchase or delivery;

---

[2]The trial court defined the term "motor vehicle salvage dealer" using the definition provided by the current statute's predecessor. *See* Tex. Rev. Civ. Stat. Ann. art. 6687-2(a)(1) (Vernon Supp. 1993); *see also* United States v. Cobb, 975 F.2d 152, 156, n.5 (5th Cir. 1992), *cert. denied,* 507 U.S. 965, 113 S.Ct. 1397, 122 L.Ed.2d 771 (1993). For purposes of this appeal, however, we find the prior and current definitions do not differ substantively. Moreover, by this appeal appellant makes no claim of charge error. Finally, because the parties and the current statute refer to "salvage vehicle dealer," we utilize that term instead of the one employed by the trial court. Tex. Rev. Civ. Stat. Ann. art. 6687-1a (Vernon Supp. 2003).

(2)    name, age, address, sex, and driver's license number of the seller and a legible photocopy of the seller's driver's license;

(3)    the license number of the motor vehicle used to deliver the used component part;

(4)    a complete description of the item purchased, including the type of material and, if applicable, the make, model, color, and size of the item; and

(5)    the vehicle identification number of the motor vehicle from which the used component part was removed.

Art. 6687-2(c). The statute authorizes a peace officer to inspect inventory on the dealer's premises at any reasonable time in order to verify, check or audit the records. Art. 6687-2(f); *see* State v. Kinkle, 902 S.W.2d 187, 189 (Tex. App.–Houston [14th Dist.] 1995, no pet.). The failure to keep an accurate and legible inventory is a Class A misdemeanor. Art. 6687-2(l). The record keeping statute is designed to deter the resale of stolen parts by allowing police to trace used auto parts. *Kinkle*, 902 S.W.2d at 190.

For a number of years, appellant owned and operated G.M. Edwards Used Cars in a building that doubled as his business and residence. On November 19, 2001, officers from the Auto Theft Division's Salvage Squad of the Houston Police Department arrived at appellant's shop to conduct a salvage regulatory inspection. The officers requested appellant to produce records documenting the purchase or sale of all salvaged vehicles and component parts for that year. Appellant indicated he possessed no such records. During the inspection of appellant's shop, officers located numerous automobile parts, along with several vehicles in various stages of dismantling or repair. The State

3

subsequently filed an information alleging, "on or about November 19, 2001, [appellant] did then and there unlawfully, intentionally and knowingly fail to comply with Section (c) of Article 6687-2, of Vernon's Texas Civil Statutes by failing to keep an accurate and legible inventory of each used component part purchased or delivered to [him], while [he] was an automobile salvage dealer."

By his two points of error, appellant asserts the evidence is legally and factually insufficient to establish the automobile parts located at his shop were "component parts" as defined by the statute, much less to show that he, in fact, purchased the parts. We disagree.

The standards by which we determine the legal and factual sufficiency of the evidence are well established, and we need not spell them out. *See* Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 128 (Tex.Crim.App.1996); Johnson v. State, 23 S.W.3d 11 (Tex.Cr.App. 2000). We must first determine if the evidence is legally sufficient, and if it is, render an acquittal judgment. If the evidence is legally sufficient, we must then determine if it is factually sufficient measured by the standards explicated in *Clewis*. 922 S.W.2d at 134. The sufficiency standards of review are the same for both direct and circumstantial cases, and the prosecution need not exclude every other reasonable hypothesis except the guilt of the accused. Sonnier v. State, 913 S.W.2d 511, 516 (Tex.Cr.App. 1995).

4

We first address appellant's contention there is no evidence to establish the automobile parts found at his shop on November 19, 2001 were component parts as that term is defined by the statute. At trial, one of the investigating officers explained the concept of component parts under the statute. Additionally, he provided the jury with the following examples of component parts: doors, fenders, hoods, frames, useable engines or transmissions, inner component parts, seats, radios. The State introduced into evidence eight photographs depicting automobile parts, including car seats, fenders, doors, frames, and hoods. In his brief, appellant explains all of the automobile parts depicted in the photographs "came from whole vehicles that [he] purchased or was repairing." Finally, in its charge to the jury, the court explained:

> A "component part" means the front end assembly or tail section of a motor vehicle, the cab of a truck (light or heavy), the bed of a one tone [sic] or lighter truck, an interior component part of a motor vehicle, a special accessory part, or a vehicle part that contains or should contain a federal safety sticker, motor number, serial number, manufacturer's permanent vehicle identification number, or a derivative of a vehicle identification number.[3]

Jurors are entitled to draw reasonable inferences from basic facts to ultimate facts. Griffith v. State, 976 S.W.2d 686, 690 (Tex.App.–Tyler 1997, pet. ref'd). Moreover, the jury may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may be

---

[3]The definition tracked the language of the statute. See art. 6687-2(a)(2).

5

reasonably drawn from the evidence. *Id.* at 690. As a consequence, we conclude there was evidence from which the jury could reasonably infer the items depicted in the photographs were component parts as that term was described by the investigating officer, and as it was defined by statute and in the court's charge.

We next consider appellant's contention there is no evidence to establish he "purchased" any component parts. In making his argument, appellant neglects that portion of the statute requiring salvage vehicle dealers to maintain records of any component parts "purchased by or *delivered to*" the dealer. (Emphasis added). Art. 6687-2(c). Appellant testified he purchased salvage vehicles at auction, repaired or rebuilt them, then sold them. He claimed the only used parts on his property were those he utilized in the repair process, and he maintained that once he finished rebuilding a car, he gave away any parts not employed during the repair. After viewing the photographs introduced into evidence by the State, appellant acknowledged the automobile parts depicted there "[came] from the Suburban [he was] fixing." On cross-examination, appellant agreed he possessed a salvage vehicle dealer's license, and acknowledged the reporting requirements attendant to that licensure.

In reviewing the evidence in the light most favorable to the prosecution, we conclude any rational trier of fact could have found beyond a reasonable doubt that the component parts located at appellant's shop were "delivered" at the time he purchased the salvage vehicle from which those parts were harvested. *Jackson*, 443 U.S. at 318-19. By

6

his own admission, appellant maintained no records of his removal of parts from the salvage vehicles. Therefore, the evidence is legally sufficient to establish appellant was a salvage vehicle dealer who failed to maintain records in violation of section (c) of article 6687-2 of the Revised Civil Statutes. Additionally, having reviewed all of the available evidence, we cannot say the verdict is against the great weight and preponderance of the evidence or so weak as to be clearly wrong and manifestly unjust . *See* Johnson v. State, 23 S.W.3d at 11. We conclude the evidence is legally and factually sufficient to support the conviction. Appellant's two points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.