

# NUMBER 13-14-00316-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,**                                                    **Appellant,**

**v.**

**MARY ZUNIGA,**                                                              **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

By one issue, appellant, the State of Texas, challenges the trial court's order quashing count one of the indictment against appellee Mary Zuniga. We reverse and remand.

## I.     BACKGROUND

Zuniga was pulled over by a police officer for allegedly running a stop sign in front

of her home. The officer placed Zuniga under arrest when he observed a bottle of controlled medication in Zuniga's vehicle for which she was not able to show a valid prescription.[1] At the hearing on Zuniga's motion to quash the indictment, the State provided the following recitation of events:

> They handcuffed her and put her in the back of the car, this is all on video. As she's sitting in the back of the police car with her hands handcuffed behind her back, you see her on the video moving her hands towards her side, reaching into her crotch area, pulling something out with her hands cupped because apparently she knows an officer is watching her. Moves her hands towards her mouth and moves her head down, like she swallowed something.

At the hearing, the State also stipulated that an officer would testify at trial that he saw Zuniga swallow a white substance in a baggy. Zuniga was taken to the hospital where medical professionals pumped Zuniga's stomach and performed an x-ray. No illegal substance or baggie was found. The State neither tested the results of Zuniga's stomach purge for an illegal substance nor requested any testing of her blood.

Zuniga was indicted on two counts: tampering with physical evidence and assault on a public servant. The first count (the only count at issue in this appeal) alleged:

> Mary Zuniga, defendant, on or about, December 29, 2013, in Nueces County, Texas, did then and there, while knowing that an investigation was in progress, to wit: A DRUG INVESTIGATION, intentionally and knowingly ALTER, OR DESTROY, OR CONCEAL, an unknown substance with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense.

The phrase "an unknown substance," was originally omitted. Zuniga moved to quash the indictment on the grounds that its allegations were insufficient. It was during the hearing on Zuniga's first motion to quash the indictment that the State made the

---

[1] Zuniga later provided a valid prescription—the medicine was for her child.

handwritten notation—unknown substance—on the indictment. In response, Zuniga challenged the sufficiency of the modified indictment, complaining that "an unknown substance" was not sufficient to charge Zuniga with tampering with physical evidence pursuant to the code of criminal procedure. The trial court agreed and granted Zuniga's motion to quash count one of the indictment by written order. This appeal followed.

## II. IS AN "UNKNOWN SUBSTANCE" A "THING"

By a single issue, the State contends that the "unknown substance" language in the indictment was sufficient to charge Zuniga with the crime of tampering with physical evidence pursuant to section 37.09 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 37.09 (West, Westlaw through Ch. 49, 2015 R.S.). Zuniga responds that the indictment was facially defective because it did not include all elements of the offense that the State must prove.

### A. Applicable Law

The sufficiency of a charging instrument presents a question of law that we review de novo. *Smith v. State,* 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010). The right to notice of pending criminal charges is set forth in both the United States and Texas constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see State v. Moff,* 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). In order to satisfy the defendant's constitutional right to notice, an indictment must be specific enough to inform him or her of the nature of the accusation such that the accused can prepare a defense. TEX. CODE CRIM. PROC. ANN. art. 21.11 (West, Westlaw through Ch. 49, 2015 R.S.); *Moff,* 154 S.W.3d at 601. The indictment should state everything that is necessary to be proven. TEX.

3

CODE CRIM. PROC. ANN. art. 21.03.

Generally, when an indictment tracks the language of a penal statute, it will satisfy constitutional and statutory requirements. *State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (noting that the State need not allege facts that are merely evidentiary in nature). In the context of a motion to quash, we look to whether the indictment facially alleges the elements of the offense; we do not look at the evidence supporting the indictment. *State v. Rosenbaum,* 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (opinion on reh'g); *State v. Clarke,* 880 S.W.2d 854, 854–55 (Tex. App.—Corpus Christi 1994, pet. ref'd).

Section 37.09(a)(1) of the Texas Penal Code defines the offense of tampering with physical evidence as: (1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE. ANN. § 37.09(a)(1); *Rabb v. State,* 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008)). The statute specifies that the putative evidence must be a record, document or thing, though it does not require that the "thing" be, in and of itself, of a criminal nature. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Williams,* 270 S.W.3d at 144.

## B.    Discussion

We are asked to determine whether an "unknown substance" can be a "thing" under section 37.09 of the penal code such that an indictment alleging the same complies with the constitutional notice requirements and the Texas Code of Criminal Procedure.

4

*See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. arts. 21.03., 21.11 (West, Westlaw through Ch. 49, 2015 R.S.); *see also Rosenbaum,* 910 S.W.2d at 948.

Though the prosecutor stated at the hearing on the motion to quash that the arresting officer would testify that he observed Zuniga swallow a baggie containing a white substance, the indictment in this case did not specifically identify what the State alleges Zuniga destroyed: it merely states that the item allegedly destroyed was an "unknown substance." However, because Zuniga challenged the sufficiency of the charging document itself, the trial court could not consider any evidence and was limited to the face of the indictment itself in making its determination to quash. *See Rosenbaum,* 910 S.W.2d at 948.

In the present case, the State's indictment did not specifically identify the alleged physical evidence destroyed; however the statute does not require a high degree of specificity in identifying the destroyed evidence. *See, e.g., Barrow v. State,* 241 S.W.3d 919, 923–24 (Tex. App.—Eastland 2007, pet. ref'd) (affirming a conviction for tampering when Barrow swallowed a "rock-like" substance believed to be crack cocaine); *see also Perry v. State*, No. 06-08-00039-CR; 2009 WL 1138812, at *6 (Tex. App.—Texarkana Apr. 29, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that the evidence was legally sufficient to support a tampering conviction even though the State did not prove that the destroyed evidence was Seroquel, as alleged in the indictment, because the State did put forth evidence that something of evidentiary value was destroyed). Instead, a facially complete indictment in this case must allege every fact

5

necessary to convict Zuniga of tampering with physical evidence pursuant to section 37.09. *See* TEX. CODE. CRIM. PROC. ANN. art. 21.03; *Rosenbaum,* 910 S.W.2d at 948. Based on the Texas Court of Criminal Appeals' holdings in *Williams* and *Barrow,* we determine the State is not required to allege, as an element of the offense, the specific identity of the destroyed evidence. *See Williams,* 241 S.W.3d at 923–24; *Barrow,* 240 S.W.3d at 142–44.

The statute focuses not on *what* was destroyed, but instead focuses on whether the accused acted with the intent of impairing its use as evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Barrow,* 240 S.W.2d at 142–44. Though identity of the putative evidence destroyed will be relevant at trial, it will be relevant not because it is an element of the offense, but because it is evidence of intent. As such, the identity of the destroyed thing is evidentiary and is not required to be included in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.03; TEX. PENAL CODE ANN. 37.09(a)(1); *Mays,* 967 S.W.2d at 406.

We sustain the State's sole issue.

### III. CONCLUSION

We reverse the trial court's order quashing count one of the State's indictment and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.