Jeffrey McCormick OGILVIE,
Appellant,

v.

The STATE of Texas, Appellee.

No. 05-85-00893-CR.

Court of Appeals of Texas,
Dallas.

May 14, 1986.

John H. Hagler, Dallas, for appellant.

Constance M. Maher, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Jeffrey McCormick Ogilvie appeals the order revoking his probation and attacks the underlying conviction under the Penal Code for securing execution of a document by deception. In his sole ground of error, Ogilvie challenges the jurisdiction of the trial court and asserts that his conviction is void since the special driver's license application statute controls over the general penal code provision. We agree. Accordingly, we reverse and order the indictment dismissed.

The parties failed to present a statement of facts to this court. However, the parties' briefs indicate, that in July 1984, Ogilvie entered a plea of guilty before the 282nd District Court of Dallas County[1] to the felony offense of securing execution of a document by deception, and accordingly, received a ten-year probated sentence. Approximately one year later, Ogilvie pleaded true to allegations contained in a motion to revoke probation. The trial court accepted Ogilvie's plea of true and revoked his probation. His punishment was assessed at five years' imprisonment.

Ogilvie claims that he should have been charged under the special driver's license application statute, a misdemeanor, rather than the general penal provision, a felony, and therefore, the convicting court was without jurisdiction and the conviction is void.

The provisions relevant to this appeal provide:

1. The 282nd District Court of Dallas County has original jurisdiction in criminal cases only if they are of the grade of felony. TEX. CONST.

TEXAS PENAL CODE Section 32.46
*Securing Execution of Document by Deception*

(a) A person commits an offense if, with intent to defraud or harm any person, he, by deception, causes another to sign or execute any document affecting property or service or the pecuniary interest of any person.

(b) An offense under this section is a felony of the third degree.

TEX.REV.CIV.STAT.ANN. Article 6687b.

Section 32. (a)(6) to use a false or fictitious name or give a false or fictitious address or use a fictitious or counterfeit document in any application for a driver's license or a certificate, or any renewal or duplicate thereof, or knowingly to make a false statement or knowingly to conceal a material fact or otherwise commit a fraud in any such application. Section 44. (a) It shall be a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other laws of this State declared to be a felony.

■ Where the special statute is complete and specific within itself, it controls, even though other statutes concerning the same subject matter contain requirements not enumerated in the special statute. *Williams v. State*, 641 S.W.2d 236, 238 (Tex.Crim.App.1982); *Jones v. State*, 552 S.W.2d 836, 837 (Tex.Crim.App.1977); *Sarratt v. State*, 543 S.W.2d 391, 392 (Tex. Crim.App.1976); *Ex parte Harrell*, 542 S.W.2d 169, 171 (Tex.Crim.App.1976); *Cuellar v. State*, 521 S.W.2d 277, 279 (Tex. Crim.App.1975). Article 6687b is much more specific than the general penal statute, in that article 6687b deals solely with issuance, expiration, and renewal of drivers' licenses.

■ In this case, the State elected to proceed to trial by an indictment alleging in part the following:

art. V, § 8; TEX.GOV'T.CODE ANN. § 24.459 (Vernon 1986).

Jeffrey McCormick Ogilvie ... did then and there with intent to defraud and harm another, to-wit: DPS Trooper Joseph T. Birt # 5791, complainant representative of the Texas Department of Public Safety, the said defendant, by deception, namely, by providing false information as to his true identity by using the name of Raymond Robert Worthen on an application for Texas Driver's License, dated April 3, 1981, cause said complainant to execute the application, a document affecting the providing of driver's license service by the Texas Department of Public Safety....

Initially, we observe that appellant's alleged conduct was possibly violative of both statutes. After examination, however, we conclude that the specific nature of the civil statute's comprehensive scheme, including criminal penalties for driver's license application fraud, is controlling. *Jones*, 552 S.W.2d at 837. The violation should have been brought under the driver's license statute, not under the Penal Code. The punishment established under section 32 of article 6687b is a misdemeanor: consequently, this district court lacked jurisdiction over the cause. *Ex parte Pribble*, 548 S.W.2d 54, 55 (Tex.Crim.App.1977). Accordingly, the judgment is reversed and the indictment ordered dismissed.