**Benito SEGURA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–02–00020–CR.

Court of Appeals of Texas, Dallas.

March 21, 2003.

Andrew Chatham, Dallas, for Appellant.

**653**

William T. (Bill) Hill, Jr., Christina O'Neil, Dallas, for State.

Before Justices MOSELEY, LANG, and LAGARDE.[1]

## OPINION

Opinion by Justice LANG.

Benito Segura appeals his conviction, after a jury trial, of stalking. The jury assessed punishment at confinement in jail for one year and a fine of $4000. The trial court entered judgment in accordance with the jury's verdict on guilt and punishment. In his sole issue, appellant asserts the trial court erred in denying his motion for a directed verdict on the grounds that he should have been tried on harassment charges instead of stalking charges. Specifically, appellant argues harassment and stalking are *in pari materia.*[2] Accordingly, appellant claims the State was required to prosecute him under the more specific statute respecting the crime of harassment. *See* TEX. PEN.CODE ANN. § 42.07 (Vernon 2003). For reasons that follow, we resolve appellant's sole issue against him and affirm the trial court's judgment.

### FACTUAL & PROCEDURAL BACKGROUND

Appellant was convicted of stalking Anna A., a Dallas/Fort Worth television news anchorwoman and reporter. In his brief, appellant concedes that "the evidence was overwhelming as the complaining witness [Anna] testified about phone calls and faxes she received from" him. Appellant further concedes that at trial Anna also testified as to instances when

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. In making this claim, appellant argues that because the information alleged only phone calls and faxes and excluded any allegation of personal contact, he should have been convicted of harassment rather than stalking. Additionally, appellant asserts that he is guilty only of harassment because the harassment statute, which specifically covers writings, is more specific than the stalking statute.

appellant attempted to personally approach her while she was at the news station and while she was broadcasting from remote locations.

## The Doctrine of *In Pari Materia*

### A. Introduction

The Latin phrase *"in pari materia"* means "of the same matter" or "on the same subject." *See* BLACK'S LAW DICTIONARY 1115 (6th ed.1990). "The doctrine of *pari materia* simply means that all laws governing or pertaining to a same subject should be construed in conjunction with one another and harmonized as a whole—none prevailing over the other—and any conflicts should be avoided." 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 3.16 (2d ed.2002). Of course, if the statutes in question do not apply to the same subject matter, the doctrine does not apply. *Id.* Texas has codified this common law doctrine in section 311.026 of the government code. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon Supp. 2003).

In this case, if the statutes governing harassment and stalking are *in pari materia,* appellant's argument that the law requires him to be prosecuted for the more specific harassment statute would be correct. Consequently, we would be required to reverse.[3] However, if his claim is not supported by analysis of the two statutes, his issue on appeal would be without merit. In such case, we would affirm the trial court's judgment.

### B. Applicable Law of *In Pari Materia*

Under the *in pari materia* principle of statutory construction, two statutes with similarity of purpose must be harmonized if possible. The specific controls over the general if the two cannot be harmonized and there is no indication that the legislature intended to make the general act controlling. *Burke v. State,* 28 S.W.3d 545, 546–47 (Tex.Crim.App.2000) (quoting *Mills v. State,* 722 S.W.2d 411, 413–14 (Tex.Crim.App.1986)). However, the two provisions must have been enacted with the same purpose in mind for the doctrine to apply. *Burke,* 28 S.W.3d at 547. Similarity of purpose or object is the most important factor in assessing whether two provisions are *in pari materia. Id.*

To determine whether two statutes concern the same object, a court should consider whether (1) the two statutes are contained in the same legislative act; (2) the same elements of proof are required by the two statutes; (3) they involve different penalties; and (4) they were obviously designed to serve the same purpose and objective. *Id.* at 547–49. The two provisions must be "closely enough related to justify interpreting one in light of the other." *Id.* at 547. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the doctrine. *Ex parte Wilkinson,* 641 S.W.2d 927, 932 (Tex. Crim.App.1982).

### C. The Penal Code Provisions At Issue

#### 1. Harassment

A person commits the offense of harassment[4] if "with intent to harass, annoy,

---

3. For examples of cases finding the *"in pari materia"* doctrine applicable to two penal statutes, *see Mills v. State,* 722 S.W.2d 411, 414 (Tex.Crim.App.1986).

4. Section 42.07 dealing with harassment was amended on September 1, 2001. *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1222, § 1, 2001 Tex. Gen. Laws 2795, 2795. However, appellant's actions at issue occurred between

alarm, abuse, torment, or embarrass another," he does any of the following:

(1) initiates communication by telephone or in writing and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;

(2) threatens, by telephone or in writing, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against the person, a member of his family, or his property;

(3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;

(5) makes a telephone call and intentionally fails to hang up or disengage the connection; or

(6) knowingly permits a telephone under his control to be used by a person to commit an offense under this section.[5]

A harassment offense under this version of section 42.07 was punishable as a class B misdemeanor.[6]

## 2. Stalking

A person commits the offense of stalking if "on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, [he] knowingly engages in conduct, including following the other person," that:

(1) the actor knows or reasonably believes the other person will regard as threatening:

(A) bodily injury or death for the other person;

(B) bodily injury or death for a member of the other person's family or household; or

(C) that an offense will be committed against the other person's property;

(2) causes the other person or a member of the other person's family or household to be placed in fear of bodily injury or death or fear that an offense will be committed against the other person's property; and

(3) would cause a reasonable person to fear:

(A) bodily injury or death for himself or herself;

(B) bodily injury or death for a member of the person's family or household; or

(C) that an offense will be committed against the person's property.

TEX. PEN.CODE ANN. § 42.072 (Vernon Supp.2003). At the time of appellant's actions, a stalking offense was punishable as

---

February and May 2000. Therefore, the previous penal provisions of section 42.07 apply.

5. Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 956–57, *amended by* Act of May 26, 1983, 68th Leg., R.S., ch. 411, § 1, 1983 Tex. Gen. Laws 2204, 2204–06, *amended by* Act of Mar. 10, 1993, 73d Leg., R.S., ch. 10, § 1, 1993 Tex. Gen. Laws 46, 46–47, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3677–78, *amended by*

Act of May 24, 1995, 74th Leg., R.S., ch. 657, § 1, 1995 Tex. Gen. Laws 3625, 3625–26, *amended by* Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 15.02(d), 1999 Tex. Gen. Laws 127, 358 (current version at TEX. PEN.CODE ANN. § 42.07 (Vernon 2003)).

6. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 657, § 1, 1995 Tex. Gen. Laws 3625, 3626 (amended 2001).

a class A misdemeanor or as a third-degree felony if the offender had previously been convicted of stalking.[7]

### D. Application of Law to the Facts

■ We conclude stalking and harassment are not *in pari materia* because they are not similar in purpose or object. First, the elements of proof are different. Stalking requires actions (1) on more than one occasion; (2) pursuant to the same scheme or course of conduct; and (3) directed specifically at one person. The elements of harassment, on the other hand, may be satisfied with only one offense and without actions directed at one specific person. Moreover, the *mens rea* under each is different: stalking requires knowing conduct, while harassment requires the higher culpable mental state of intentional conduct.[8]

Second, we cannot say the two were "obviously designed to serve the same purpose and objective" because the focus of the offenses is different. A stalking conviction seeks to curb the threat of fear of bodily injury or death; thus, it is the victim's fear that is at issue. Meanwhile, a harassment offense is much more broad. To illustrate, a harassment conviction may be based on any of the following, none of which involve threats or the victim's fear of death or bodily injury: (1) conveying a false report that another person has suffered death or serious injury; (2) causing another's phone to ring repeatedly; or (3) making a telephone call and intentionally failing to hang up.

Third, the offenses involve different penalties. At the time of appellant's conduct, stalking was punishable as a class A misdemeanor or as a third-degree felony if the offender had a previous stalking conviction. Class A misdemeanors are punishable by confinement in jail not to exceed one year and/or a fine not to exceed $4000. Tex. Pen.Code Ann. § 12.21 (Vernon 2003). Third-degree felonies are punishable by imprisonment no less than two years but no more than ten years and a fine not to exceed $10,000. *Id.* § 12.34. Harassment, on the other hand, was punishable as a class B misdemeanor at the time of appellant's actions. Class B misdemeanor offenders are punished by confinement in jail not to exceed 180 days and/or a fine not to exceed $2000. *Id.* § 12.22.

Finally and most persuasively, the legislative enactments of harassment and stalking weigh against a finding that these provisions are *in pari materia*. Section 42.07 governing harassment was originally enacted in 1973 and contained no provisions relating to what would later become the

---

7. The punishment under section 42.072 dealing with harassment was amended on September 1, 2001, making the offense punishable as a third-degree felony or as a second-degree felony if the actor has previously been convicted under the section. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1222, § 2, 2001 Tex. Gen. Laws 2795, 2795–96. Appellant's actions at issue, however, occurred between February and May 2000. Therefore, the previous penal provisions apply. *See id.* § 3. For the earlier punishment provisions, *see* Act of Jan. 27, 1997, 75th Leg., R.S., ch. 1, § 1, 1997 Tex. Gen. Laws 1, 1 (amended 2001).

8. A person acts "intentionally" with respect to the nature of his conduct or to a result of his conduct when it is his "conscious objective or desire" to engage in the conduct or cause the result. Tex. Pen.Code Ann. § 6.03(a) (Vernon 2003). However, a person acts "knowingly" with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* The culpable mental state of intentional conduct is higher than that of knowing conduct. *Id.* § 6.02(d).

offense of stalking.[9] In 1993, the legislature amended section 42.07 by adding subsection seven; the elements that would later comprise the independent offense of stalking were contained therein.[10] At that time, the legislature also differentiated the misdemeanor punishments for general harassment and harassment under subsection seven. Then, in 1995, the legislature passed Senate Bill 126, which separated the offenses by severing subsection seven from section 42.07 and placing it in the new section 42.071, entitled "Stalking."[11] Finally, in 1997, the legislature renumbered section 42.071 to 42.072 and changed the elements to those that exist today.[12]

Appellant's brief argues "it can only be concluded that the legislature intended to specifically govern repeated and threatening telephone calls or writings in one statute, and other types of repeated and threatening conduct in another." We disagree. The distinction between the two is far from just whether the conduct is in a telephone call or in writing or whether it is by some other means. We think it is clear that if the legislature intended the harassment statute to control over the stalking statute, it never would have separated the offenses in the first place.

### Conclusion

Although the offenses of stalking and harassment partially overlap in subject matter, they address different conduct and do not share a common purpose or object. The legislative history of the statutes supports our conclusion that stalking and harassment are not *in pari materia*. It follows that one statute could not be considered controlling as to the other. It was therefore in the State's discretion to prosecute appellant for stalking rather than for harassment. *See Burke*, 28 S.W.3d at 549. Accordingly, we resolve appellant's sole issue against him.

We affirm the trial court's judgment.

9. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 956 (amended 1983).

10. *See* Act of Mar. 10, 1993, 73d Leg., R.S., ch. 10, § 1, 1993 Tex. Gen. Laws 46, 46–47, (amended 1993). The subsection provided that a person committed the offense of harassment "if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another," he or she:

    (A) on more than one occasion engages in conduct directed specifically toward the other person, including following that person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass that person;
    (B) on at least one of those occasions by acts or words threatens to inflict bodily injury on that person or to commit an of-

fense against that person, a member of that person's family, or that person's property; and
    (C) on at least one of those occasions engages in the conduct after the person toward whom the conduct is specifically directed has reported to a law enforcement agency the conduct described by this subdivision.

11. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 657, §§ 1, 2, 1995 Tex. Gen. Laws 3625, 3626 (amended 1999). The Legislature also removed the requirement that a victim of the offense of stalking must have previously reported the stalking conduct to authorities. *Id.*

12. *See* Act of Jan. 27, 1997, 75th Leg., R.S., ch. 1, § 1, 1997 Tex. Gen. Laws 1, 1 (amended 2001).