COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-557-CR

 

 

JAKE AARON STRICKLAND                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Jake Aaron Strickland appeals from his conviction
and thirty-five year sentence for felony murder.  In six points, appellant contends that the
prosecution against him for felony murder was unauthorized and that he should
have been charged with intoxication manslaughter instead.  In his seventh point, he contends that the
trial court erred by overruling his objection to the prosecutor=s comment on his
failure to testify.  We affirm.

 








Background Facts

On December 21,
2003, appellant, while driving intoxicated, struck a car in which Brent Jones
was a passenger.  Jones was killed.  Appellant, who had two prior convictions for
driving while intoxicated (DWI), was driving on the wrong side of the road when
he struck Jones=s car. 
Although the police initially charged appellant with intoxication
manslaughter, they later changed the charge against him to felony murder when
they discovered that he had been convicted of DWI twice before.  See Tex.
Penal Code Ann. '' 19.02(b)(3), 49.04(a), 49.08, 49.09(b)(2)
(Vernon 2003 & Supp. 2005).  The
State subsequently indicted appellant for felony murder.  See id. ' 19.02(b)(3).  The indictment alleged that

[appellant] did then and there
commit a felony, to-wit:  driving while
intoxicated, after having been previously convicted two times of the offense of
driving while intoxicated, and in the course and in furtherance of the
commission, or in immediate flight from the commission of said felony, . . .
committed or attempted to commit an act clearly dangerous to human life,
to-wit:  operate a motor vehicle the
wrong way down a public roadway and said conduct resulted in and caused the
motor vehicle operated by said defendant to collide with another motor vehicle
occupied by Michael Brent Jones, which caused the death of Michael Brent Jones.      

 








Appellant
challenged and objected to the charges against him at every possible stage of
trial, and the trial court denied all of his related motions and
objections.   A jury convicted appellant
of felony murder and sentenced him to thirty-five years= confinement.  

Appellant=s First Six
Points-In Pari Materia

In his first six
points, appellant contends that the doctrine of in pari materia precluded the
State from charging appellant with felony murder rather than intoxication
manslaughter.  He also contends that the
penal code section relied on by the State, section 19.02(b)(3), requires the
existence of a felony offense as an element of prosecution under that statute,
but that felony DWI is not a felony offense; rather, it is only an enhanced
punishment for the misdemeanor offense of driving while intoxicated.  See id.[1]  








Penal code section
19.02(b)(3), the Afelony murder@ statute, provides
that a defendant commits murder when he commits a felony other than
manslaughter and, during the course of its commission, commits an act clearly
dangerous to human life.  Id.  The State contends that appellant was
committing a felony when he drove his car the wrong way down the street and
crashed into Jones because he was committing DWI while having two prior DWI
convictions.  See id. ' 49.09(b)(2).  Felony murder is a first degree felony, and
the punishment range is five to ninety-nine years= confinement, plus
a fine of up to $10,000.  Id. '' 12.32 (Vernon
2003), 19.02(c).

Appellant claims
he should have been charged under penal code section 49.08, which defines the
offense of intoxication manslaughter.  Id.
' 49.08.  A person
commits the offense of intoxication manslaughter if the person (1) operates a
motor vehicle in a public place, (2) is intoxicated, and, (3) by reason of that
intoxication, (4) causes the death of another by accident or mistake.  Id. 
Intoxication
manslaughter is a second degree felony and carries a punishment range of two to
twenty years, plus a fine of up to $10,000. 
Id. '' 12.33, 49.08(b). 








We first dispose
of appellant=s argument that felony DWI is not a felony
offense, but merely a misdemeanor DWI with an enhanced punishment.  In Gibson v. State, the court of
criminal appeals held that in a prosecution for felony DWI, the prior
intoxication offenses are elements of the charged offense and define the
offense as a felony; thus, they are admitted into evidence at guilt-innocence.  995 S.W.2d 693, 696 (Tex. Crim. App. 1999); see
also Luedke v. State, 711 S.W.2d 657, 659 (Tex. Crim. App. 1986)
(recognizing that felony and misdemeanor DWI are separate offenses because A[a] prior
conviction is an essential element of felony driving while intoxicated,@ but A[i]t is not an
element of the misdemeanor offense@).  Accordingly, contrary to appellant=s assertions,
felony DWI is a felony offense rather than a misdemeanor with an enhanced
punishment.  

We next address
appellant=s argument that a prosecution for felony
murder was not authorized because the statutes are in pari materia, and the
intoxication manslaughter statute, as the more specific statute, governs in
this situation.  The doctrine of in pari
materia is a principle of statutory interpretation and is codified in section
311.026 of the government code:[2]


(a)     If
a general provision conflicts with a special or local provision, the provisions
shall be construed, if possible, so that effect is given to both.

 

(b)     If
the conflict between the general provision and the special or local provision
is irreconcilable, the special or local provision prevails as an exception to
the general provision, unless the general provision is the later enactment and
the manifest intent is that the general provision prevail.

 








Tex. Gov=t Code Ann. ' 311.026 (Vernon 2005).  If the doctrine of in pari materia applies
and the two statutes cannot be harmonized, the more specific statute controls
over the general statute unless there is an indication that the Alegislature
intended to make the general [statute] controlling.@  Burke, 28 S.W.3d at 546-47 (quoting Mills
v. State, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)); Segura v.
State, 100 S.W.3d 652, 654 (Tex. App.CDallas 2003, no
pet.); see also Smith, 2006 WL 231628, at *1 n.5.  In this situation, a defendant has a due
process right to be prosecuted under the more specific statute.  Smith, 2006 WL 231628, at *4.

The doctrine of in
pari materia applies if two statutes share a common purpose or object.  Burke, 28 S.W.3d at 546; Cheney v.
State, 755 S.W.2d 123, 127 (Tex. Crim. App. 1988).  For two statutes to have a common purpose,
they must have been enacted with the same purpose in mind.  Burke, 28 S.W.3d at 547.  Similarity of purpose or object is the most
important factor in determining whether two statutes are in pari materia, i.e.,
whether they are Aclosely enough related to justify
interpreting one in the light of the other.@   Id. (quoting Alejos v. State,
555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (op. on reh=g)).








To determine
whether two statutes share a common purpose, we consider whether the two
statutes (1) are contained in the same legislative act,  (2) require the same elements of proof, (3)
involve different penalties, and (4) were clearly written to achieve the same
objective.  Id. at 547‑49; In
re J.M.R., 149 S.W.3d 289, 292 (Tex. App.CAustin 2004, no
pet.); Segura, 100 S.W.3d at 654. 
The adventitious occurrence of like or similar phrases, or even of similar
subject matter, in laws enacted for wholly different ends will not justify
applying the doctrine.  J.M.R.,
149 S.W.3d at 292-93; Segura, 100 S.W.3d at 654.

Appellant contends
that the felony murder and intoxication manslaughter statutes are in pari
materia as applied in this case because they both deal with a homicide
inflicted in the absence of a culpable mental state.  According to appellant, because the culpable
mental state in a prosecution for felony murder is the same as the underlying
felony offense, and in this case the underlying felonyCfelony DWICdoes not require a
culpable mental state, there was no required mental state to convict appellant
for felony murder, just as no culpable mental state is necessary to convict of
intoxication manslaughter.[3]  Appellant also contends that both statutes Amust be deemed to
deal with the prosecution and punishment of intoxicated persons whose driving
causes the death of others,@ and as the more
specific of the two statutes, the intoxication manslaughter statute is
applicable to this case.  








Turning to the
factors set forth above, we note that the two statutes are not contained in the
same legislative acts.  Section
19.02(b)(3), felony murder,  is contained
in Title 5 of the penal code, entitled, Offenses Against the Person.  Section 49.08 is contained in Title 9 of
the penal code, entitled Offenses Against Public Order and Decency.  Although the former version of the
intoxication manslaughter statute was contained in Title 5, the legislature
moved all intoxication-related offenses to Title 9 in 1994.  Ex parte Ervin, 991 S.W.2d 804, 815
(Tex. Crim. App. 1999).








Importantly,
felony murder and intoxication manslaughter require different elements of
proof.  Felony murder requires the
commission of an underlying felony, which intoxication manslaughter does notCa person can be
convicted of intoxication manslaughter even if he was committing misdemeanor
DWI at the time his actions caused another=s death.  See Tex.
Penal Code Ann. '' 19.02(b)(3), 49.08(a).  Felony murder also requires that the
defendant have committed Aan act clearly dangerous to human life,@ yet the
intoxication manslaughter statute applies when the defendant causes a death by Aaccident or
mistake.@  Id. '' 19.02(b)(3),
49.08(a)(2).  Additionally, it becomes
less plausible to accept a defendant=s intoxication and
the victim=s resulting death as an accident or
mistake when, as here, it is the defendant=s third DWI
offense.  Furthermore, intoxication
manslaughter requires proof that the defendant was intoxicated at the time of
the offense, which is not contemplated by the felony murder statute except
when, as here, the underlying felony happens to involve intoxication.  Id. ' 49.08(a)(2).

Also, as we have
discussed above, the penalties for felony murder and intoxication manslaughter
are different.  Felony murder is a first
degree felony, with a punishment range of five to ninety-nine years= confinement, plus
a fine of up to $10,000.  Id. ''12.32,
19.02(c).  Intoxication manslaughter is a
second degree felony and carries a punishment range of two to twenty years,
plus a fine of up to $10,000.  Id.
'' 12.33, 49.08(b).








Finally, although
both statutes serve the general purpose of imposing criminal responsibility for
death and preventing homicide, their objectives are not so closely related as
to justify interpreting them together. 
The purpose of the felony murder statute is to impose criminal
responsibility on a person for the consequences of his felonious dangerous and
violent criminal conduct, even when death is unintended.  Lawson v. State, 64 S.W.3d 396, 398-99
(Tex. Crim. App. 2001) (Cochran, J., concurring); see also Rodriguez v.
State, 953 S.W.2d 342, 345, 354 (Tex. App.CAustin 1997, pet.
ref=d) (discussing
history of felony murder rule and noting that current statute comports with
recent trend of characterizing homicide as murder Aif the killer
acted with reckless and wanton disregard of an obvious risk to human life@).  The focus is on the serious nature of the act
committed that causes the death.  See
Rodriguez, 953 S.W.2d at 353-54. 
Felony murder can therefore cover a wide range of acts that might fit
within its requirements.

On the other hand,
the focus of the intoxication manslaughter statute is on the intoxicated status
of the actor.  See Tex. Penal Code Ann. ' 49.08(a)(2).  The penal code=s
intoxication-related offenses directly address the pervasive societal problem
of drunk driving and have as their goals both prevention, punishment, and the
removal of drunk drivers from the streets by incarceration.  See Guinn
v. State, 696 S.W.2d 436, 438 (Tex. App.CHouston [14th Dist.] 1985, pet. ref=d) (AThrough the
enactment of the DWI law, the legislature has sought to address the human
misery and widespread destruction caused by drunk drivers.@).  Thus, although the two
statutes have similar general goals, they were also enacted with more specific,
different purposes in mind.  Therefore,
the two statutes were not enacted with a common purpose.[4]









As the court of
criminal appeals held in BurkeCin which it
analyzed whether the reckless aggravated assault causing serious bodily injury
and the intoxication assault statutes are in pari materiaCAthe two sections
[here, penal code section 19.02(b)(3) and section 49.08] don=t apply to the
same class of people, were designed to serve different purposes, appear in
different chapters of the Code, and were not apparently intended to be
considered together.@  28
S.W.3d at 548.[5]  We conclude that sections 19.02(b)(3) and
49.08 are not in pari materia; thus, they are not in conflict, and section
49.08 does not control.  We further
conclude that the State properly charged appellant withCand the trial
court properly allowed the prosecution of appellant forCfelony murder
instead of intoxication manslaughter.  We
overrule appellant=s first six points.

Prosecutor=s Comments During
Closing Argument








In his seventh point, appellant
contends that the trial court erred by overruling his objection to the State=s jury argument, in which appellant
contends the prosecutor impermissibly commented on his failure to testify.  See U.S.
Const. amend. V; Tex. Const.
art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).  Appellant complains about the State=s concluding closing argument at
guilt-innocence:

 

[STATE]:  [Defense counsel] are upset, and it appears
they=re upset with me, and I understand
that.  It=s not the first time I=ve been accused of things by
defense attorneys in a trial.

But what they=re upset about is there=s some basic principles that
everybody in this courtroom knows about. 
One of those principles is that every defendant, no matter what their
crime, is entitled to a zealous defense. 
And the one thing there can be no doubt about is that these two defense
attorneys have done what they can to give him a zealous defense.

. . . .

But the other thing that=s fundamental is that they are
stuck with the facts and the law that you have. 
And every crime is not defendable, and that=s why they=re frustrated.  Because the law is, just as I said it was
going to be, in jury selection, you=ve got just the law we talked about.  

And they have this strange idea,
you know, guess what?  Jake is upset
because Jake isn=t charged with what he wants to be
charged with.

 

[DEFENSE COUNSEL]: I object. I
object.  Comment on the Defendant=s failure to testify.  Hasn=t said a word in this case. 
And I want the record to reflect that the prosecutor is pointing to him.

 

THE COURT:  The record will reflect that the prosecutor
was pointing to the Defendant.  Your
objection is overruled.

 








[STATE]:  Over and over again they tell you, Jake wants
to take responsibility, but I just charged him with the wrong thing.  Well, you know what?  In this system the Defendant, the criminal,
does not get to pick the charge.  That=s just the way it works.  I am sure there=s lots of criminals who would like
to pick something less than what they=re charged with. 
That=s not their decision.  That=s the police officer=s decision, that=s the district attorney=s office=s decision, and that=s what=s before you today.  

 

To determine if a
prosecutor=s comment violated article 38.08 and
constituted an impermissible reference to an accused=s failure to
testify, we must consider whether the language used was manifestly intended or
was of such a character that the jury would have naturally and necessarily
considered it to be a comment on the defendant=s failure to
testify.  Tex. Code Crim. Proc. Ann. art. 38.08; see Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State,
991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026
(1999).  The offending language must be
viewed from the jury=s standpoint, and the implication that the
comment referred to the accused=s failure to
testify must be clear.  Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  A mere indirect or implied
allusion to the defendant=s failure to testify does not violate the
accused=s right to remain
silent.  Wead v. State, 129 S.W.3d
126, 130 (Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481,
490-91 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996).








While appellant
was in the hospital after the crash, he repeatedly questioned the officers
guarding him about the jail time he was facing. 
During closing arguments, the defense claimed that the prosecution had
overcharged appellant, preventing him from taking responsibility for the real
crime he committed.  For instance,
defense counsel stated, AWhat is perverse and what is also
insensitive [about the prosecution of appellant for felony murder], is they
have denied [appellant] the opportunity to take responsibility for the crime he
committed,@ and, AIt [the
prosecution] is mean-spirited because it takes away [appellant=s] ability to
acknowledge his guilt for the crime that he did, which is not murder.@  Defense counsel further argued that Asadly, [appellant]
does not get a chance to accept responsibility for the crime he actually did.@  








After reviewing
the prosecutor=s comments here in context, especially
defense counsel=s immediately preceding argument, we
conclude that the prosecutor=s comments were
not manifestly intended, or of such a character that the jury would naturally
and necessarily consider them, to be a comment on appellant=s failure to
testify.  As the State contends in its
brief, Athe prosecutor=s remarks squarely
referred back to the comments of defense counsel during argument.@  We agree and conclude that the comments were
merely responsive to the defense theory of the caseCa valid area of
argumentCand not a comment
on appellant=s decision not to testify.  See Felder v. State, 848 S.W.2d 85,
94-95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Pope
v. State, 161 S.W.3d 114, 126-27 (Tex. App.CFort Worth 2004,
pet. granted).  We overrule appellant=s seventh point.

Conclusion

Having overruled
appellant=s seven points, we affirm the trial court=s judgment.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and GARDNER,
JJ.

 

PUBLISH

 

DELIVERED:
March 30, 2006 











[1]At
trial, appellant also contended that a felony murder charge based on DWI could
not be sustained because it did not require any mental state and that the
felony murder charge violated the Equal Protection Clause and Article I,
section 3 of the Texas Constitution.  In
his brief, appellant states that he Abrings all of these issues
forward in this appeal,@ but
he did not brief the no culpable mental state and constitutional arguments;
thus, they are waived.  King v. State,
17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000,
pet. ref=d)
(op. on reh=g).





[2]Burke v. State, 28 S.W.3d 545, 546-47 (Tex. Crim.
App. 2000); see also Smith v. State, No. PD-0262-05, 2006 WL 231628, at
*1 n.5 (Tex. Crim. App. Feb. 1, 2006).





[3]The offense of felony DWI does not
require a culpable mental state.  Perez
v. State, 11 S.W.3d 218, 221 (Tex. Crim. App. 2000).  Intoxication manslaughter does not require
any culpable mental state either; it is a strict liability offense.  Torres v. State, 52 S.W.3d 285, 286
(Tex. App.CCorpus Christi 2001, no pet.).  





[4]We
note that the State=s use
of the offense of felony DWI as the underlying offense in a prosecution under section
19.02(b)(3), which carries a greater punishment than section 49.08, comports
with the general statutory scheme of chapter 49 of the penal code, which
provides for an increased range of punishment for each DWI offense committed.  See Tex.
Penal Code Ann. ''
49.04(b), 49.09(a), (b); Guinn, 696 S.W.2d at 438.  On the other hand, if the statutes are in
pari materia as urged by appellant, a person could continually, repeatedly kill
others while driving while intoxicated, and the penalty for the offense would
never increase.





[5]Appellant
contends that this case is controlled by Hines v. State, 515 S.W.2d 670
(Tex. Crim. App. 1974), in which the court of criminal appeals, without any
accompanying analysis, stated that former article 6701d of the revised civil
statutesCthe Ahomicide
by vehicle@
statuteCand
former article 802c of the revised civil statutesCthe Amurder
without malice by automobile@ statuteCwere
in pari materia and Awhen
construed together [could] be harmonized and given effect with the special
governing the general in the event of any conflict.@  Id. at 675.  But Hines was decided under a former,
repealed statutory scheme, and it did not provide any guidance as to its
determination that the statutes were in pari materia.  Accordingly, we decline to follow Hines
and rely instead on the court of criminal appeals= more
recent articulation in Burke of the factors involved in analyzing
whether statutes are in pari materia.