**The STATE of Texas, Appellant**

v.

**James VASILAS, Appellee.**

**No. 05–04–00328–CR.**

Court of Appeals of Texas, Dallas.

Aug. 8, 2006.

Peter Barrett, Moore Gunter Barrett, Dallas, for Appellee.

Katharine K. Decker, Asst. District Atty., McKinney, for State.

Before Justices MOSELEY, FITZGERALD, and FRANCIS.

## OPINION ON REMAND

Opinion by Justice FITZGERALD.

The State of Texas appeals the quashing of one of the four counts in an indictment charging James Vasilas with tampering with a governmental record under section 37.10(a)(5) of the Penal Code. In two issues, the State argues the trial court erroneously concluded (1) that section 37.10(a)(5) of the Penal Code is *in pari materia* with rule of civil procedure 13 and (2) that a petition for expunction is not a "governmental record" under chapter 37 of the Penal Code. On original submission, this Court overruled the State's second issue. We held the petition for expunction was not a "governmental record," and we affirmed the trial court's order quashing the indictment. *State v. Vasilas*, 153 S.W.3d 725 (Tex.App.-Dallas 2005), *rev'd*, 187 S.W.3d 486 (Tex.Crim.App.2006). The Texas Court of Criminal Appeals granted discretionary review and concluded the petition for expunction was a "governmental record." The court of criminal appeals remanded the cause to this Court for consideration of the State's first issue, whether section 37.10(a)(5) and rule 13 are *in pari materia*. *State v. Vasilas*, 187 S.W.3d 486, 492 (Tex.Crim.App.2006). We conclude the provisions are not *in pari materia*. On the State's motion, we dismiss the State's appeal of Counts I, II, and III of the indictment, we reverse the trial court's order quashing Count IV of the indictment, and we remand the cause to the trial court for further proceedings.

## BACKGROUND

Appellee is an attorney who represented Justin Goff, who was charged with delivery of marijuana. Goff, while represented by appellee, was convicted of the lesser included offense of possession of marijuana. Subsequently, appellee, representing Goff, signed and filed a petition for expunction of Goff's arrest on the delivery charge. The State then charged appellee in a four-count indictment for making three false entries in a governmental record, the petition for expunction, with the intent to harm and defraud the State of Texas. The fourth count alleged appellee made, presented, and used a governmental record, the petition for expunction, with knowledge of its falsity, intending to defraud and harm the State of Texas. Appellee filed a nonsuit of the expunction lawsuit.

Appellee filed a motion to quash the indictment, asserting (1) section 37.10 of the Penal Code and rule of civil procedure 13 are *in pari materia*, and rule 13 controls over section 37.10; and (2) pleadings in civil suits are not "governmental records." After hearing oral argument on the motion, the trial court granted the motion to quash without explaining its reasons. The State timely filed its notice of appeal.

At the original submission of this cause, the State abandoned its appeal of the trial court's granting the motion to quash the first three counts of the indictment. Therefore, the sole issue before us is whether the trial court erred in granting the motion to quash Count IV, which alleged appellee did "with intent to defraud and harm another, namely, the State of

Texas, make, present, and use a governmental record, to wit: a Petition for Expunction of Records, with knowledge of its falsity."

## STANDARD OF REVIEW

 The sufficiency of an indictment is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, and appellate courts should conduct a *de novo* review of the issue. *Id.; see Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The trial court's decision in this case was based on appellee's motion to quash, the State's response, and the argument of counsel.

**1.** Section 37.10 of the Texas Penal Code provides:

(a) A person commits an offense if he:

(1) knowingly makes a false entry in, or false alteration of, a governmental record;

(2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record;

(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;

(4) possesses, sells, or offers to sell a governmental record or a blank governmental record form with intent that it be used unlawfully;

(5) makes, presents, or uses a governmental record with knowledge of its falsity; or

(6) possesses, sells, or offers to sell a governmental record or a blank governmental record form with knowledge that it was obtained unlawfully.

\* \* \*

(c) (1) ... [A]n offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony. TEX. PEN.CODE ANN. § 37.10(a) (Vernon Supp. 2006). The relevant provision in this appeal is section 37.10(a)(5).

**2.** Texas Rule of Civil Procedure 13 provides:

*Moff,* 154 S.W.3d at 601; *see State v. Rosenbaum,* 910 S.W.2d 934, 948 (Tex. Crim.App.1994) (dissenting op. adopted on reh'g) (sufficiency of indictment at pretrial motion to quash cannot be supported or defeated by evidence). The trial court's decision did not involve evidentiary determinations, so we conduct a *de novo* review of the trial court's ruling.

## *IN PARI MATERIA* DOCTRINE

In its first issue, the State asserts the trial court erred in determining section 37.10(a)(5) of the Penal Code, the statutory provision under which appellee was indicted, is *in pari materia* with rule of civil procedure 13. *See* TEX. PEN.CODE ANN. § 37.10 (Vernon Supp.2006);[1] TEX.R. CIV. P. 13.[2]

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanctions available under Rule 215–2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the

■ "The doctrine of *pari materia* simply means that all laws governing or pertaining to [the] same subject should be construed in conjunction with one another and harmonized as a whole—none prevailing over the other—and any conflicts should be avoided." *Segura v. State*, 100 S.W.3d 652, 654 (Tex.App.-Dallas 2003, no pet.) (quoting 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 3.16 (2d ed.2002)). Texas has codified this common-law doctrine in section 311.026 of the government code:

 (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

 (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005). The two statutory provisions must have been enacted with the same purpose or object for the doctrine to apply. *Burke v. State*, 28 S.W.3d 545, 547 (Tex.Crim. App.2000); *Segura*, 100 S.W.3d at 654. Similarity of purpose or object is the most important factor in determining whether two provisions are *in pari materia*. *Burke*, 28 S.W.3d at 547; *Segura*, 100 S.W.3d at 654.

■■ To determine whether two statutes have a similar object or purpose, a court should consider whether (1) the two statutes are contained in the same legislative act; (2) the same elements of proof are required by the two statutes; (3) they involve different penalties; and (4) they were obviously designed to serve the same purpose and objective. *Segura*, 100 S.W.3d at 654 (citing *Burke*, 28 S.W.3d at 547–49). The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the doctrine. *Strickland v. State*, 193 S.W.3d 662, 666 (Tex.App.-Fort Worth 2006, pet. filed); *In re J.M.R.*, 149 S.W.3d 289, 292 (Tex.App.-Austin 2004, no pet.).

■ In this case, the two provisions at issue were not contained in the same legislative act. Rule 13 took effect in 1941 as part of the rules of civil procedure. Section 37.10 of the Penal Code was part of the 1974 Penal Code and was re-enacted in the 1994 Penal Code.

The elements of proof for section 37.10(a)(5) charged as a state jail felony are that (1) a person (2) makes, presents, or uses (3) a governmental record (4) with knowledge of its falsity (5) with intent to defraud or harm another. TEX. PEN.CODE ANN. § 37.10(a)(5), (c)(1). The elements of a motion for sanctions under rule 13 are that (1) attorneys or parties (2) file a pleading, motion, or other document (3) that is groundless and (4) brought in bad faith or for the purpose of harassment. TEX.R. CIV. P. 13. Clearly, these provisions involve different elements. Section 37.10 applies to a "person," while rule 13 applies to attorneys and parties. Section 37.10(a)(5) concerns a person making as well as presenting or using the item with knowledge of its falsity, while rule 13 is limited to the filing of groundless papers. Section 37.10(a)(5) charged as a felony requires that the act be done with the intent to defraud or harm another, while rule 13

---

extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

TEX.R. CIV. P. 13.

requires the filing of the paper be in bad faith or for the purpose of harassment or delay. Section 37.10(a)(5) applies to all governmental records, while rule 13 applies only to a "pleading, motion, or other paper" filed in a lawsuit.

■ The provisions involve different enforcement procedures. The district or county attorney, acting in the name of the State of Texas, prosecutes violations of section 37.10(a)(5). Enforcement of violations of rule 13 is on motion of a litigant or upon the court's own initiative. Enforcement of section 37.10(a)(5) as a felony requires compliance with the heightened due process and other constitutional protections provided criminal defendants, including the right to prosecution on an indictment issued by a grand jury, the right to a jury trial with unanimous verdict, and the right to effective assistance of counsel. Enforcement of rule 13 requires notice and a hearing, but the decision to impose a sanction and the choice of appropriate sanction are within the discretion of the trial court. *See Elkins v. Stotts–Brown,* 103 S.W.3d 664, 667 (Tex.App.-Dallas 2003, no pet.); *Bradt v. Sebek,* 14 S.W.3d 756, 760–61 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).

The two provisions also involve different penalties. Violation of section 37.10 with intent to defraud or harm another is a state jail felony punishable by confinement for 180 days to two years in state jail and a fine of up to $10,000. Tex. Pen.Code Ann. § 12.35 (Vernon 2003). Violation of rule 13 may result in the imposition of a civil sanction listed under rule 215.2(b), including the possibility of confinement in jail for contempt of court, but violation of rule 13 does not result in a criminal conviction. *See* Tex.R. Civ. P. 13, 215.2(b).

■ Finally, we examine whether the provisions were obviously designed to serve the same purpose and objective. We

conclude they were not. Rule 13 preserves the scarce resources of the courts for legitimate motions and cases by discouraging the filing of groundless motions and pleadings. The potential for sanctions encourages lawyers and parties to "stop, think and investigate more carefully before serving and filing papers." *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 597 (Tex.1996) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). Section 37.10(a)(5) protects the authenticity, veracity, and integrity of governmental records by imposing criminal penalties on anyone making, presenting, or using a governmental record the actor knows to be false. Section 37.10(a)(5) also protects against the perpetration of a fraud upon the court and the miscarriage of justice that could result from the use of falsified records. *Vasilas,* 187 S.W.3d at 492.

We conclude that comparison of the two provisions shows they do not share a similar purpose or object. Thus, they are not *in pari materia. See Burke,* 28 S.W.3d at 547.

Appellee cites *Ogilvie v. State,* 711 S.W.2d 365 (Tex.App.-Dallas 1986, pet. ref'd), in support of his argument that the provisions are *in pari materia.* In *Ogilvie,* the defendant was convicted in district court of the felony of securing execution of a document by deception. *Id.* at 366. On appeal, the defendant argued the trial court lacked jurisdiction because he should have been charged with the more specific misdemeanor offense of committing fraud in applying for a driver's license. We agreed, determining that the more specific driver's license statute controlled over the more general penal code provision. *Id.* at 367. *Ogilvie,* however, is distinguishable for at least two reasons: (1) the two laws at issue in *Ogilvie* were both legislative statutes passed by the Texas Legislature,

and (2) both statutes in *Ogilvie* made criminal the conduct they described. In this case, however, one law is a rule of civil procedure, punishable by civil sanction, and the other is a criminal provision, subject to criminal penalties.

Appellee also relies on *State v. Eversole*, 889 S.W.2d 418 (Tex.App.-Houston [14th Dist.] 1994), *pet. ref'd,*899 S.W.2d 204 (Tex. Crim.App.1995). In *Eversole*, a county commissioner was alleged to have erroneously reported spending from his officeholder account. *Id.* at 420. Under the Election Code, the commissioner's alleged actions constituted a Class C misdemeanor. *Id.* at 424. The State, however, charged the commissioner with Class A misdemeanor perjury under the Penal Code. *Id.* The court of appeals observed that accepting the State's theory that the perjury statute could be applied would always result in prosecution under the harsher perjury provisions, which would bring the Election Code and the Penal Code's perjury provisions into conflict. *Id.* The court of appeals also observed that campaign-expenditure-reporting violations had been part of the perjury statute in earlier Texas penal codes but were moved to the Election Code, which shows the legislature's intent that the reporting offense be enforced under the Election Code instead of the Penal Code's perjury provisions. *Id.* at 423. The court of appeals also looked to the statement in the Election Code that the Election Code's provisions supersede any conflicting statute unless expressly provided otherwise. *Id.*

*Eversole* is distinguishable from this case for several reasons. First, both laws in *Eversole* imposed criminal penalties for the same conduct, which put them in conflict. In this case, the charged offense would impose criminal penalties, but application of rule 13 would not.

In *Eversole*, the conflict was also demonstrated by the fact that the harsher perjury provision would always be applied instead of the more lenient Election Code provision. In this case, Penal Code section 37.10(a)(5) is prosecuted by the District or County Attorney, but sanctions for a violation of rule 13 would be pursued by a civil litigant or the trial court on its own initiative. Because the parties and circumstances for pursuing violations of section 37.10(a)(5) and rule 13 are so different, there is little risk of one provision being rendered meaningless because of the certain application of the other provision.

In *Eversole*, the conflicting laws were both statutes passed by the legislature. In this case, one provision is a statute, and the other is a procedural rule. In *Eversole*, the statutory history and an express statutory provision showed an intent by the legislature that the Election Code control over any conflicting statute in the Penal Code. In this case, no statutory history or provision demonstrates the legislative intent that rule 13 control over Penal Code section 37.10(a)(5).

Finally, any conflict between rule 13 and Penal Code section 37.10(a)(5) would be subject to the rule of construction that a statute controls over a rule of procedure unless the rule repeals the statute under Government Code section 22.004. *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) (per curiam); *In re Chu*, 134 S.W.3d 459, 466 (Tex.App.-Waco 2004, orig. proceeding); *see also* TEX. GOV'T CODE ANN. § 22.004 (Vernon 2004).

We conclude section 37.10(a)(5) of the Penal Code and rule of civil procedure 13 are not *in pari materia*. We resolve the State's first issue in its favor.

## CONCLUSION

We hold the trial court erred in granting appellee's motion to quash Count IV of the

indictment. Accordingly, we reverse the trial court's order granting appellee's motion to quash as to Count IV of the indictment, and we remand the cause to the trial court for further proceedings. We dismiss the State's appeal as to Counts I, II, and III of the indictment.