In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-047 CR


____________________



ANTHONY CHARLES LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court 


Montgomery County, Texas


Trial Cause No. 05-02-01718-CR






MEMORANDUM OPINION


 After a bench trial, appellant, Anthony Charles Lewis, was found guilty of stalking
and assessed punishment at two years' confinement in the Texas Department of Criminal
Justice - Correctional Institutions Division. See Tex. Pen. Code Ann. § 42.072 (Vernon
2003). On appeal, Lewis contends the State failed to produce either legally or factually
sufficient evidence to prove the stalking of the complainant was committed "pursuant to the
same scheme or course of conduct." The Texas Penal Code sets out the offense of stalking
in the following manner:

 (a) A person commits an offense if the person, on more than one occasion
and pursuant to the same scheme or course of conduct that is directed
specifically at another person, knowingly engages in conduct, including
following the other person, that:


 (1) the actor knows or reasonably believes the other person will regard
as threatening:


 (A) bodily injury or death for the other person;


 (B) bodily injury or death for a member of the other
person's family or household; or


 (C) that an offense will be committed against the other person's property;


 (2) causes the other person or a member of the other person's family or
household to be placed in fear of bodily injury or death or fear that an offense
will be committed against the other person's property; and 


 (3) would cause a reasonable person to fear:


 (A) bodily injury or death for himself or herself;


 (B) bodily injury or death for a member of the person's family or household; or 


 (C) that an offense will be committed against the person's
property.


Id. § 42.072(a). 

 Lewis's indictment alleges four separate instances of conduct by Lewis directed
specifically toward the complainant, Lewis's former girlfriend, B.A., spanning a period of
time just over four years. Lewis's conduct as alleged included threatening the complainant
with bodily injury, threatening to kill complainant while choking her, threatening to kill
complainant by using a firearm, and pushing complainant into a wall and preventing her from
using a telephone. After setting out the four separate assaultive and threatening instances of
conduct by Lewis, the indictment concludes with the following paragraph: "And it is
further presented in and to said Court, that each of the foregoing acts was committed
pursuant to the same scheme or course of conduct that was directed specifically at [B.A.]" 
 On appeal, Lewis does not complain of the lack of sufficient evidence to support the
several acts of violence or threatened violence alleged to have committed against B.A. in the
indictment, nor does he complain of the additional violent acts he committed against B.A.
which were also proven at trial. Lewis's argument pertaining to his appellate issue is
sprinkled throughout his brief, and we reproduced it in its entirety as follows: 

 Stalking requires that a person knowingly engage in conduct pursuant
to the same scheme or course of conduct. Tex.Pen.Code Ann. Section 42.072
(Vernon Supp. (sic) 2003), Segura v. State, 100 S.W.3d 652 at 655 (Tex.App.-Dallas 2003). In this case, the complainant testified to three incidents that
occurred two years apart over a total of four years. 


 . . . .


 Three incidents over a period of four years hardly seems to constitute a
"scheme or course of conduct" as required by the statute. 


 . . . .


 The facts did not establish beyond a reasonable doubt that the Appellant
committed stalking against the Complainant. The State failed to prove the
element that Appellant's conduct was "pursuant to the same scheme or course
of conduct" against the complainant. Even the trial court itself was bothered
by the time frame of the incidents: "The thing that bothers me about the case
is not the relationship Mr. Lewis has with the victim. The thing that bothers
me about the case is the time frame. Now, as the State has pointed out, the
Statute doesn't limit the State from going back to using other time frames. 
And I think that's a point that the Court of Appeals might need to address,
because I think there has to be some time limit to this, going back and trying
to have a scheme, like it says, a course and scheme." (RR 97). That is exactly
the point Appellant raises. While the trial court is correct to point out that the
statute does not address a time frame regarding the incidents, on the other
hand, on the facts of this case, it would fly in the face of common sense to
conclude that Appellant's conduct constituted a scheme or course of conduct,
given that the incidents were each some two years apart. 


 . . . .


 While the State arguably proved that Appellant committed three separate
assaults against the complainant over a four year time frame, such evidence
does not amount to a scheme or course of conduct as required by the elements
of stalking. 


 We review a challenge to the legal sufficiency of the evidence to support a verdict of
guilt by viewing the evidence in the light most favorable to the verdict to determine if any
rational trier of fact could have found beyond a reasonable doubt the essential elements of
the offense. Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). Under this
standard, the fact-finder is the exclusive judge of the witnesses' credibility and the weight
given to the evidence, may draw reasonable inferences from basic to ultimate facts, and is
entitled to resolve any conflicts in testimony and reject or accept any or all of the evidence
presented by either side. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 

 Under the standard of review for a challenge to the factual sufficiency of the evidence,
we determine whether the trier of fact was rationally justified in finding guilt beyond a
reasonable doubt by viewing the evidence in a neutral light. See Watson v. State, 204 S.W.3d
404, 415 (Tex. Crim. App. 2006); Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006). In conducting this review, we are permitted to substitute our judgment for the fact
finder's on the question of witness credibility and weight of evidence determinations, albeit
to a very limited degree. Marshall, 210 S.W.3d at 625. We will reverse a verdict of guilty
on a factual sufficiency challenge only when we can say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the verdict. 
Watson, 204 S.W.3d at 417.

 Lewis' brief does not cite any relevant authority, from this jurisdiction or any other,
to support his particular view of the statutory element in question. Appellant's citation to
Segura v. State, 100 S.W.3d 652 (Tex. App.--Dallas 2003, no pet.), is only to direct our
attention to the statutory elements of the crime of stalking. Lewis does not attempt to show
how other offenses, if any, construe or define "scheme" or "course of conduct" in support
of his contention that the length of time between threatening or assaultive conduct cannot
constitute either a scheme or course of conduct as a matter of law. When we interpret a
statute such as § 42.072(a), our constitutional duty is to ascertain and give effect to the
apparent intent of the legislators who voted for it. Camacho v. State, 765 S.W.2d 431, 433
(Tex. Crim. App. 1989). When attempting to discern this apparent legislative intent, "we
necessarily focus our attention on the literal text of the statute in question and attempt to
discern the fair, objective meaning of that text at the time of its enactment." Boykin v. State,
818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 

 In addition to those indicted offenses, the State introduced evidence that Lewis pled
guilty to assault of B.A., was charged with criminal trespass of B.A.'s property during this
time period, and was involved in other instances where Lewis came upon the property of
B.A. and beat on the walls and knocked on the windows, prompting B.A. to call 911. Thus,
viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt the essential elements of the offense. Viewing the
evidence in a neutral light, we find the trier of fact rationally justified in finding guilt beyond
a reasonable doubt. The evidence before the trier of fact was sufficient to support the
conclusion that Lewis's conduct would cause a reasonable person to fear bodily injury or
death. Lewis produced the victim's reasonable fear through a course of conduct directed
specifically at his victim. The fact that the conduct occurred over a period of years, rather
than a period of months, was only one of the factors the court could consider in determining
whether Lewis violated the statute. Lewis's lone appellate issue is overruled, and the
judgment of the trial court is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 9, 2007

Opinion Delivered August 1, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.